M. Grau é Hijos, Recurrente, *v.* El Registrador de San Germán, Recurrido.

Recurso gubernativo contra nota del Registrador Interino de la Propiedad de San Germán, denegando la inscripción de una escritura sobre reconocimiento de deuda y constitución de hipoteca.

No. 258.—Resuelto en enero 25, 1916.

Instrumentos Públicos—Parientes en Cuarto Grado Civil—Contratos Nulos—Disposiciones a Favor de los Parientes del Notario Autorizante.—No es nulo un contrato otorgado ante notario, por ser éste pariente en cuarto grado civil de uno de los contratantes, pero no producirán efecto las dispo-

siciones a favor de los parientes del notario que autorizó el instrumento en que se hicieron.

Id.—Copias de Documentos Autorizados por Notarios Sustitutos.—No hay disposición legal que impida al notario sustituído librar copias de los documentos otorgados en su protocolo por su sustituto.

Id.—Testigos Instrumentales—Edad de los Testigos.—La sección 10 de la ley sólo exije respecto a los testigos, que se consignen sus nombres y vecindad, no constituyendo defecto alguno la falta de expresar en el documento la edad de los testigos.

Id.—Sello de Rentas Internas—Cancelación del Mismo en la Escritura.—La ley No. 34 de 1912 no impone otro deber con respecto al sello de un dólar cuyo pago establece para los documentos notariales que no se otorgaren en asuntos oficiales, que el de fijarlo y cancelarlo, y el castigo de $100 de multa para el notario que faltase a ese deber; pero esa ley ni ninguna otra dispone que en las copias que se libren de los documentos se haga constar que el sello se fijó y se canceló y por tanto, el no consignarse el hecho de la cancelación no constituye defecto alguno.

Id.—Parte del Documento—Impuesto—Falta de Hacer Constar en la Copia el Hecho de la Cancelación del Sello.—El sello de rentas internas no es una parte del documento, sino la constancia de haberse satisfecho el impuesto, y aunque en la copia no se haga constar que el sello se fijó y canceló, no por eso dejará de ser un traslado literal del documento que otorgaron las partes, ni incurre en responsabilidad el registrador por inscribir un documento en que el notario no cumpla, o no aparezca que cumplió, con esa ley, porque solamente le alcanza cuando inscriba sin fijar y cancelar el sello que deba pagarse por la inscripción.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. *Angel A. Vázquez.*

El registrador recurrido Sr. Francisco Socorro, compareció en nombre propio.

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

Ante el notario Don Juan Quintero González, actuando como sustituto de su compañero Don Mariano Riera Palmer por ser éste sobrino carnal de Don Juan María Palmer Irizarri, otorgó el último escritura reconociendo deber cierta cantidad a la Sociedad M. Grau e Hijos y constituyendo hipoteca a su favor. Expedida copia de ella por el notario Sr. Riera Palmer el Registrador Sustituto de la Propiedad de San Germán se negó a inscribirla por los siguientes defectos insubsanables:

1. Porque la sustitución del notario Sr. Quintero en el

protocolo del Sr. Riera Palmer en nada desvirtúa la personalidad de éste.

2. Porque la copia de la escritura está librada por el Sr. Riera Palmer, sobrino de uno de los otorgantes.

Además, encontró en el documento los siguientes defectos subsanables:

(*a*) Que no se expresa en él la edad de los testigos;

(*b*) Que en la copia presentada no se hace constar si se canceló un sello de rentas internas.

Contra esa resolución interpusieron los Sres. M. Grau e Hijos el presente recurso gubernativo con súplica de que la revoquemos y ordenemos la inscripción del documento sin los defectos que consigna el registrador.

En apoyo del primer defecto insubsanable alega el registrador que la sustitución del Sr. Quintero en nada desvirtúa la personalidad del Sr. Riera Palmer y que no pudiendo éste otorgar el documento por ser pariente en cuarto grado civil de uno de los contratantes tampoco pudo otorgarla el sustituto porque las prohibiciones impuestas al sustituído alcanzan al sustituto según se declaró en la resolución de la Dirección de los Registros de España de 28 de diciembre de 1883.

Aun aceptando como buena esa resolución, única que existe sobre el particular, y aun admitiendo que el Sr. Riera Palmer hubiera otorgado el contrato de su pariente, no sería nulo el documento porque la sección 20 de la ley que declara cuáles contratos son nulos no lo comprende y la única sanción que le impone la sección 21 es la de que no producirán efecto las disposiciones a favor de los parientes del notario que autorizó el instrumento en que se hicieron. Dichas secciones dicen así:

"Sección 20.—Serán nulos los instrumentos públicos:

"1°. En que haya intervenido como parte el notario que los autorice, o contengan alguna disposición a favor de éste.

"2°. En que sean testigos los parientes de las partes en ellos interesadas, o los parientes, escribientes o criados del notario autorizante.

"3º. En que el notario no certifique sobre el conocimiento de los otorgantes, o no supla esta diligencia con testigos de conocimiento, o en que no aparezcan las firmas de las partes y testigos cuando deban hacerlo, y la firma, signo y rúbrica del notario.

"Sección 21.—No producirán efectos las disposiciones a favor de los parientes, dentro del cuarto grado de consanguinidad o segundo de afinidad del que autorizó como notario el instrumento en que se hicieron.''

En el caso presente no hay disposición alguna a favor del Sr. Palmer Irizarri pues lo que se impone por el contrato son obligaciones ya que reconoce deuda y grava sus bienes para su pago y, por tanto, ni existe nulidad en el documento ni disposiciones que no produzcan efecto y el documento no adolece del defecto insubsanable consignado por el registrador.   Resolución de la Dirección de los Registros de España de 27 de enero de 1877.

El segundo defecto insubsanable lo encuentra justificado el registrador en precepto del Reglamento para la Ley Notarial que rigió hasta 1906.  Sin embargo, la sección 41 de la ley vigente derogó expresamente dicho reglamento y, por tanto, no podemos tenerlo en cuenta para resolver la cuestión propuesta.  Según la sección 23 de la ley de 1906 las copias de los documentos serán libradas por el notario ante quien se otorgó o por el que tenga legalmente a su cargo el protocolo, por cuyo motivo estando otorgado el documento en el protocolo del Sr. Riera Palmer y en nombre suyo por su sustituto pudo aquel librar la copia que se presentó en el registro pues no hay precepto alguno en nuestra ley que disponga que el notario sustituído no pueda librar copias de los documentos que otro otorgó por él.   Además, la incapacidad a que se refiere la sección 8ª. es sólo para otorgar documentos y no para librar copias de ellos que son sencillamente un traslado literal del documento con la certificación de ser exacto, por lo que es inscribible la copia que se presentó en el registro de la propiedad.

En cuanto al defecto subsanable de no expresarse en el documento la edad de los testigos, si bien la sección 13 de la ley notarial dispone que ninguna escritura pública, salvo lo que dispone para casos especiales, o sea en la sección 22 para los testamentos y demás disposiciones *mortis causa,* podrá ser autorizada sin la presencia de dos testigos y que no podrán ser tales los que no sepan firmar, los parientes, escribientes o criados del notario autorizante ni los parientes de las partes interesadas, dentro del cuarto grado civil o segundo de afinidad, la sección 10 sólo exige respecto de ellos que se consignen sus nombres y vecindad y no existe precepto alguno que disponga se haga constar la idoneidad de los testigos por lo que la falta de esta circunstancia no constituye defecto alguno. Resoluciones de la Dirección de los Registros de España de 23 de octubre y 5 de diciembre de 1903, 5 de febrero y 20 de julio de 1904.

El último motivo del recurso versa sobre si constituye o nó defecto subsanable que en la copia presentada para inscripción no se consigne que en el documento original se canceló el sello de Rentas Internas que ordena fijar y cancelar la ley No. 34 del año 1912.

Sostiene el registrador recurrido que esta cuestión fué resuelta por nosotros en el caso de *González* v. *El Registrador de Arecibo,* 19 D. P. R. 1067, y si bien en ese caso por falta de expresarse si se había cancelado dicho sello el registrador devolvió el documento sin extender en él operación alguna, lo que resolvió el tribunal fué que el registrador tenía el deber de calificar el documento e inscribirlo o negar su inscripción pero no de devolverlo sin extender operación alguna. Entonces creímos que no debíamos resolver sino esa cuestión y si bien se insinuó que la falta de expresión en la copia de la escritura de haberse cancelado el sello en el original constituiría un defecto subsanable, sin embargo también dijimos que acaso tuviera razón el recurrente al sostener los motivos del recurso pero que no podíamos examinarlos ínterin no se sometiera

a nuestra consideración una resolución del registrador denegando en absoluto la inscripción o concediéndola· con defecto subsanable.　Por consiguiente aquel caso no puede citarse en apoyo de la calificación del registrador.

La expresada ley No. 34 de 1912 no impone otro deber con respecto al sello de un dólar cuyo pago establece para los documentos notariales, que no se otorguen en asuntos oficiales, que el de fijarlo y cancelarlo y el castigo de cien pesos de multa para el notario que faltase a ese deber.　Igual obligación y corrección se establece para los registradores por las inscripciones que hagan sin fijar y cancelar otro sello del mismo precio, pero ni esa ley ni ninguna otra dispone que en las copias que se libren del documento se haga constar que el sello se fijó y canceló y por tanto el no consignarse el hecho de la cancelación no constituye defecto alguno. . Es cierto que la copia que libran los notarios debe ser un traslado literal del documento según dispone la sección 23, pero como el sello de rentas a que hacemos referencia no es una parte del documento sino la constancia de haberse satisfecho el impuesto, aunque en la copia no se haga constar que·el sello se fijó y canceló no por eso dejará de ser un traslado literal del documento ·que otorgaron las partes, ni incurre en responsabilidad el registrador por inscribir un documento en que el notario no cumplió, o no aparezca que cumplió, con esa ley porque solamente le alcanza cuando inscribe sin fijar y cancelar el sello que debe pagarse por la inscripción.

Debe revocarse la nota recurrida y ordenarse la inscripción del documento sin defectos insubsanables ni subsanables.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.