# CASOS RESUELTOS

### POR LA

# CORTE SUPREMA DE PUERTO RICO

BOSCH, RECURRENTE. *v.* EL REGISTRADOR DE GUAYAMA,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de un contrato de refacción agrícola.

No. 568.—Resuelto en junio 1, 1923.

INSCRIPCIÓN DE CONTRATOS DE REFACCIÓN AGRÍCOLA — CONTRATOS DE REFACCIÓN AGRÍCOLA.—La mera inscripción de un contrato anterior de refacción agrícola no impide la inscripción a favor de acreedor distinto, de otro contrato de refacción subsidiario sobre la misma plantación, por igual razón de que una segunda hipoteca puede ser inscrita. *Manrique* v. *El Registrador,* 27 D. P. R. 766.

ESCRITURAS PÚBLICAS—TESTIGOS INSTRUMENTALES.—No constituye defecto subsanable el no hacer constar en la escritura el notario que los testigos instrumentales no están comprendidos dentro de las causas de incapacidad que determina el inciso segundo, sección 20, de la Ley Notarial.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. M. Marcos Morales.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Habiendo sido presentado un contrato de refacción agrícola al Registrador de la Propiedad de Guayama, denegó éste su inscripción por virtud de la siguiente nota:

"Denegada la anotación del precedente documento por el defecto de que sobre la plantación de tabaco de las 25 cuerdas descritas en dicho título existe ya constituído y anotado un gravamen refaccionario a favor de la corporación The Porto Rican Leaf Tobacco Company por la suma de dos mil dollars a vencer el día 30 de junio del 1923; y porque en este contrato, o sea el precedente documento, se estipulan y convienen condiciones sobre el fruto que ya está

1

gravado, en conflicto con las del contrato anotado, y tomado en su lugar anotación preventiva de la denegación por el término legal a favor de don Angel Bosch al folio 81 del tomo 4 de Cayey, finca número 194 anotación letra B, con el defecto subsanable de no hacerse constar si los testigos instrumentales no están comprendidos dentro de la causa de incapacidad que determina el inciso segundo de la sección veinte de la vigente Ley Notarial. Guayama, Puerto Rico, a 19 del mes de Febrero, 1923.''

Convenimos con el recurrente en que la mera inscripción de un contrato anterior de refacción agrícola no impide la inscripción de otro, o contrato de refacción subsidiario sobre la misma plantación, por igual razón de que una segunda hipoteca puede ser inscrita, y nuestra resolución en el caso de *Manrique* v. *El Registrador de Caguas,* 27 D. P. R. 766, es aplicable. El peligro para el anterior poseedor de la carga en ese caso era mayor que en éste, porque la carga anterior allí no estaba anotada. Véase también a Galindo y Escosura, tomo 2, págs. 521–535. El segundo contrato estaba claramente sujeto al primero.

Por razones semejantes cualquier supuesto conflicto entre las condiciones del primer contrato y las del segundo debe resolverse en favor del primero. Y esto es especialmente así en este caso, toda vez que el segundo contrato reconocía y hacía mención de los derechos anteriores del primer contrato.

Como la Ley Notarial de 1906, sección 10, requiere únicamente que se expresen los nombres y residencias de las partes, no había ninguna necesidad de hacer constar la idoneidad de los testigos instrumentales. Esta cuestión la hemos discutido y resuelto en el caso de *M. Grau e Hijos* v. *El Registrador,* 23 D. P. R. 380, y en el de *Monserrate* v. *El Registrador de Guayama,* 31 D. P. R. 796.

Debe revocarse la calificación del registrador.

> *Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.