LORETO VIQUEIRA VILLANUEVA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 859.—*Sometido:* Enero 7, 1932. *Resuelto:* Enero 19, 1932.

. M. *Marcos Morales,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de San Germán cierta escritura de hipoteca otorgada ante el notario público Miguel Marcos Morales por Loreto Viqueira a favor del tenedor de dèterminados pagarés al portador, el registrador la inscribió en efecto, pero consignando como defecto subsanable el ''no haberse hecho constar

por el notario autorizante . . . si los testigos instrumentales . . . no tenían excepción alguna legal para que pudieran ser tales testigos . . .''

Se consigna otro defecto subsanable y se hacen otras observaciones en la nota, pero de ello no se recurre. Limitaremos nuestro estudio a la única cuestión levantada.

El artículo 10 de la Ley Notarial, Comp. 1911, p. 409, es terminante. De acuerdo con su mandato, sólo tiene el notario que consignar en las escrituras que autorice en cuanto a los testigos instrumentales, sus nombres y vecindad. Y así lo hizo el notario en este caso.

Es cierto que la sección 20 de la propia Ley Notarial, Comp. 1911, p. 410, dispone que son nulos los instrumentos públicos, entre otros casos, en aquéllos en que sean testigos los parientes de las partes en ellos interesadas, o los parientes, escribientes o criados del notario autorizante, pero ello no quiere decir que el notario esté obligado a consignar en el propio documento que los testigos no son tales parientes. El documento queda completo consignando lo que la ley ordena consignar, y mientras no se demuestre lo contrario en cuanto al parentesco de los testigos, debe presumirse que no existe.

Esta cuestión quedó resuelta en tal sentido en el caso de *M. Grau e Hijos* v. *Registrador,* 23 D.P.R. 380. Si bien allí se trataba de haberse dejado de consignar la edad, el razonamiento de esta corte, interpretando la sección 13 de la Ley Notarial, Comp. 1911, p. 409, en relación con la 10 que hemos citado, abarcó este caso así:

"En cuanto al defecto subsanable de no expresarse en el documento la edad de los testigos, si bien la sección 13 de la ley notarial dispone que ninguna escritura pública, salvo lo que dispone para casos especiales, o sea en la sección 22 para los testamentos y demás disposiciones *mortis causa,* podrá ser autorizada sin la presencia de dos testigos y que no podrán ser tales los que no sepan firmar, los parientes, escribientes o criados del notario autorizante ni los parientes de

las partes interesadas, dentro del cuarto grado civil o segundo de afinidad, la sección 10 sólo exige respecto de ellos que se consignen sus nombres y vecindad y no existe precepto alguno que disponga se haga constar la idoneidad de los testigos por lo que la falta de esta circunstancia no constituye defecto alguno. Resoluciones de la Dirección de los Registros de España de 23 de octubre y 5 de diciembre de 1903, 5 de febrero y 20 de julio de 1904.''

Y así lo decidió esta corte en los casos de *Monserrate* v. *Registrador,* 31 D.P.R. 796 y *Bosch* v. *Registrador,* 32 D.P.R. 1, en los que no se trataba del requisito de la edad sino ''de no haberse hecho constar si los testigos instrumentales no están comprendidos dentro de la causa de incapacidad que determina el inciso segundo de la sección veinte de la vigente Ley Notarial.''

El caso de *Ríos* v. *Registrador,* 15 D.P.R. 665 que invoca el registrador, no tiene el alcance que le atribuye. Se interpretó en él la frase ''sin excepción legal'', diciéndose que ''envolvía la negación más completa de la concurrencia en los testigos de cualquiera de las incapacidades que la ley señala,'' pero no que fuera necesario consignar siquiera tal frase para que la escritura fuera válida.

La circunstancia de que en la práctica los notarios además de los indispensables requisitos del nombre y vecindad de los testigos, consignen generalmente que los conocen, que son mayores de edad y que no tienen tacha legal alguna para serlo, quizá sea la mejor a fin de evitar cualquier duda o dificultad, pero ello no quiere decir que la escritura se convierta en nula por la falta de consignación de tales circunstancias. Si de hecho un testigo es pariente, lo mismo será nula la escritura si nada dice, que si dice en ella el notario que no lo es.

*Debe revocarse la nota en la parte en que ha sido recurrida, y ordenarse la inscripción sin el defecto apuntado.*