*In re* LIC. NEFTALÍ HERNÁNDEZ GONZÁLEZ, querellado.

*Número:* MC-77-28    *Resuelto:* 31 de octubre de 1977

*Héctor A. Colón Cruz, Procurador General,* y *Eliadis Orzini Zayas, Procuradora General Auxiliar,* firmantes del Informe dirigido al Tribunal Supremo de Puerto Rico recomendando medidas disciplinarias contra el notario Neftalí Hernández González; *Elí B. Arroyo,* abogado del querellado.

### RESOLUCIÓN

El Lic. Neftalí Hernández González autorizó como notario la escritura pública Núm. 4 de 29 de marzo de 1972 sobre compraventa entre el Dr. Maldonado Sierra y esposa como vendedores, y Hato Tejas Towers Corporation como compradora, en la que compareció en representación de dicha corporación su presidente Sr. Abimaél Hernández quien es hermano del notario fedante. Enterado el Hon. Procurador General de dicho otorgamiento en el curso de una investigación del

Banco Obrero y del Banco Cooperativo presentó un informe a este Tribunal imputándole al abogado notario conducta ilegal e inmoral en contravención del Art. 8 de la Ley Notarial (4 L.P.R.A. sec. 1008) que ordena:

Sec. 1008. *Incapacidad por interés o parentesco*

"Ningún notario podrá autorizar contratos en que él intervenga como parte, que contenga disposición en su favor, o en que alguno de los otorgantes sea pariente suyo dentro del cuarto grado de consanguinidad o segundo de afinidad. Cuando un notario intervenga en el otorgamiento de escrituras que hayan de ser inscritas en un registro de la propiedad que esté a cargo de algún pariente suyo, dentro de los grados antes especificados, el registrador de la propiedad vendrá obligado a inhibirse en la calificación del documento." 4 L.P.R.A. sec. 1008.

El notario impugnado ha comparecido sosteniendo la corrección de lo actuado, y procedemos a resolver la cuestión ética.

Concuerda el precitado Art. 8 de la Ley Notarial de Puerto Rico de 1957, con el Art. 22 de la española, Ley Orgánica del Notariado que dispone:

"Art. 22.—Ningún notario podrá autorizar contratos que contengan disposiciones en su favor, o en que alguno de los otorgantes sea pariente suyo dentro del cuarto grado civil o segundo de afinidad."

[1] La comparecencia como otorgante, de un pariente del Notario no tiene efecto de nulidad del documento ni en Puerto Rico ni en España. Art. 20, Ley (4 L.P.R.A. sec. 1020); Art. 27, Ley Orgánica del Notariado Español. La sanción se limita, tanto aquí como en España, a negarle efecto a las disposiciones a favor de parientes, dentro del grado anteriormente prohibido, del que autorizó el instrumento en que se hicieron. Art. 21, Ley (4 L.P.R.A. sec. 1021); Art. 28, Ley Orgánica del Notariado Español.

Es dentro de esta concurrencia de textos de nuestra Ley Notarial y la de España que se desarrolla la doctrina

negando eficacia a las disposiciones favorables al otorgante sólo cuando éste sea parte directamente interesada, mas no cuando comparece en el instrumento en calidad representativa. Sobre el particular se expresó el Prof. Domingo Toledo Alamo: "Será válida, sin embargo, la escritura otorgada por una persona ante su pariente el Notario cuando dicha escritura en nada favorece al otorgante, sino que por el contrario sólo le perjudica. Tal sería el caso de una fianza hipotecaria gratuita otorgada por un soltero, o por un casado, pero sobre sus bienes privativos, ante un Notario ligado a él por los mencionados vínculos de parentesco." *Revista Jurídica Universidad Interamericana*, Vol. X, Núm. 1 (1975).

Y los Sres. Galindo y Escosura, al tratar sobre la incompatibilidad del Notario para autorizar contratos a su favor o al de sus parientes, y aquellos en que intervenga como administrador, representante, apoderado o mandatario de cualquiera de los otorgantes, se expresan:

"El art. 22 de la Ley del Not., prohibe en general a los Notarios autorizar contratos que contengan disposición a su favor, o en que alguno de los otorgantes sea pariente suyo dentro del cuarto grado civil o segundo de afinidad; el 27 declara nulo el instrumento en el primer caso, y el 28 determina que no produzcan efecto las disposiciones a favor de parientes dentro de aquel grado, del que autorizó el instrumento. En su virtud, el Registrador no inscribirá las escrituras a que se refiere el Art. 27 en todo caso, y las a que se refiere el 28, cuando no contengan más que disposiciones a favor de los parientes; y no deberá rechazar las autorizadas por parientes de los otorgantes, si no hay disposición ninguna en su favor ni en el de éstos, o las hay además en favor de otras personas; porque ni el instrumento es nulo, ni tampoco la obligación, debiendo por tanto, inscribirse respecto a los derechos adquiridos por esas otras personas, y denegarse respecto de los que adquieran los parientes.

. . . . . . . . .

Por Resolución de la Dirección, a consulta de la Junta directiva del Colegio Notarial de Granada, se decidió en 14 Nov. 1890, que los Notarios podían autorizar escrituras otorgadas por parientes suyos, cuando obrasen en concepto de apoderados y no

como directamente interesados." Galindo y Escosura, *Comentarios a la Legislación Hipotecaria de España,* Tomo II, pág. 45, Cuarta Ed. (1903).

█  Como se indica al principio, el otorgante hermano del notario en el presente caso compareció, no como parte directamente interesada, sino como mandatario de una corporación, y el documento no contiene disposición en favor del pariente. *Cf. M. Grau e Hijos* v. *Registrador,* 23 D.P.R. 380, 382–3 (1916). No encontramos ilegalidad ni inmoralidad en la actuación del Notario a quien absuelven los austeros precedentes doctrinales citados.

Archívese. Publíquese para conocimiento del Notariado.

Lo acordó el Tribunal y certifica el Secretario. El Juez Asociado Señor Rigau no intervino. El Juez Asociado Señor Irizarry Yunqué disintió sin opinión.

(Fdo.) Ernesto L. Chiesa
*Secretario*