Bardeguez, Recurrente, *v.* El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de un testamento abierto.

No. 383.—Resuelto en marzo 18, 1919.

Testamento Abierto—Testigos—Conocimiento del Testador—Inscripción.— El no expresarse en un testamento que los testigos, o por lo menos dos de ellos, conocían a la testadora no convierte al testamento en una mera nulidad *a priori.* Tal omisión no constituye defecto que impida la inscripción del testamento porque puede entenderse suplida por la constancia del notario de dar fe, como en este caso, de haber llenado en el otorgamiento todas las formalidades legales, entre las cuales se halla la de que por lo menos dos de los testigos conocían a la testadora; y porque, además, es a los interesados a quienes incumbiría suscitar controversias acerca de su validez.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El registrador recurrido, Sr. Pedro Gómez Laserre, no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

En el testamento abierto otorgado por doña Ceferina Aparicio Plas por el cual instituyó como único heredero suyo a su esposo Juan Bardeguez Guibbs, el notario hace constar lo siguiente:

"En tal forma la otorgante doña Ceferina Aparicio Plas expresa su voluntad a presencia de los testigos presentes y vecinos, mayores de edad que conozco personalmente que ven y entienden a la testadora que manifiesta conocerlos personalmente y que convienen conmigo el notario en el juicio favorable que nos merece su capacidad legal para este acto y son: \* \* \*

"   *   *   * de haberse cumplido todos los requisitos prevenidos en la sección correspondiente del Código Civil y de todo lo demás que aquí se consigna, yo el notario doy fe   *   *   *."

El Registrador de la Propiedad de Guayama se negó a inscribir dicho testamento "porque del mismo no consta que los testigos instrumentales conocían a la testadora, formalidad necesaria para dar validez al mencionado instrumento; y por la razón ulterior de no haberse acreditado el fallecimiento de dicha testadora.

Contra esa negativa de inscripción interpuso el heredero instituido el presente recurso gubernativo.

Al resolver recientemente, el 24 de febrero último, el caso de *Chiqués* v. *El Registrador de Caguas,* (pág. 91) con respecto a la inscripción de un testamento dijimos que el tercer motivo de inscripción era demasiado general y que el registrador debió expresar concretamente cuáles eran las formalidades de la ley que habían dejado de cumplirse porque entonces hubiéramos estado en condiciones de decidir si dicha falta de cumplimiento era de tal naturaleza que convertía el testamento en una mera nulidad y si podía prescindirse de ella por la voluntad de las partes interesadas, en cuyo caso el registrador carecía de facultad para rehusar la inscripción.

Aunque en el caso presente el registrador expresó que el defecto consiste en que no consta en el testamento que los testigos conocían a la testadora, requisito que debe concurrir en por lo menos dos de los testigos de acuerdo con el artículo 693 del Código Civil en relación con el 695 que declara nulo el testamento en cuyo otorgamiento no se hayan observado las formalidades respectivamente establecidas en el cap. 1, tít. 3º. del libro 3º., sin embargo esa falta en los testamentos no es de tal naturaleza que necesariamente lo convierta en una mera nulidad *a priori* porque pierde su virtualidad si los interesados aceptan el testamento y convienen en respetarlo cual si le adornaran todos los requisitos legales; porque es sólo a los interesados a quienes incumbe suscitar cuestiones acerca de su validez por tal motivo y porque si bien

el notario debe, en el cumplimiento estricto de su deber, consignar en el testamento quiénes de los testigos instrumentales conocen al testador, tal omisión puede entenderse suplida por la constancia del notario, en términos generales, de dar fe de haber llenado todas las formalidades legales, entre las cuales se halla la de que dos de los testigos conozcan a la testadora, por cuyas razones el registrador no debió negar la inscripción por ese fundamento. Resoluciones de la Dirección de los Registros de España de 26 de mayo de 1899; 26 de septiembre de 1904 y 30 de junio de 1915.

El otro motivo de la negativa lo encontramos justificado, porque siendo la muerte la que determina la transmisión de bienes al heredero hay que justificar tal hecho en el registro para que pueda inscribirse el testamento. Si el registrador hubiera pedido a la parte que le justificase ese hecho seguramente no hubiera tenido que consignar en su nota ese motivo de negativa.

La nota recurrida debe ser revocada en cuanto al primer motivo en que se funda y confirmarse por el segundo.

> *Revocada la nota recurrida en cuanto al primer motivo, y confirmada en cuanto al segundo.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.