_In re_ EDGAR MÉNDEZ RIVERA, querellado.

_Número:_ CP-96-10          _Resuelto:_ 24 de octubre de 1996

*José A. Crescioni Benítez*, Oficial Investigador del Colegio de Abogados de Puerto Rico; *Manuel D. Herrero García*, de *Herrero & Herrero*, abogado del querellado.

PER CURIAM: Atendida la querella que fue presentada ante este Tribunal por la parte querellada, la señora Carlota

Herrera Vda. de Flores, el 13 de agosto de 1996, contra el abogado y notario Edgar Méndez Rivera por incumplir con el Art. 644 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2181, y los Cánones I y XVIII del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, decretamos la suspensión por tres (3) meses del Lcdo. Edgar Méndez Rivera del ejercicio de la notaría. Los hechos que justifican esta suspensión son los siguientes:

El 10 de septiembre de 1966 el Sr. Otilio Flores Rodríguez otorgó un testamento abierto ante el querellado, el Lcdo. Edgar Méndez Rivera, en el cual dejaba sus bienes a sus hijos y a su esposa en aquel entonces, la Sra. Josefina Hernández.

El testamento fue otorgado en la oficina del querellado a las doce y treinta y cinco de la tarde (12:35 P.M.) en la fecha señalada antes. Durante el otorgamiento de dicho testamento, comparecieron como testigos las Sras. Eva Joy de Méndez y María C. Hernández, únicas testigos instrumentales citadas para comparecer en dicho acto.

Al fallecer el testador, el 4 de abril de 1968, se trataron de inscribir unos documentos en el Registro de la Propiedad, pero éstos fueron denegados por existir varios errores en el testamento. Uno de estos errores fue la falta de un testigo instrumental en el otorgamiento del testamento, ya que sólo comparecieron dos (2) en vez de los tres (3) testigos que requiere el Art. 644 del Código Civil, *supra*. Sin embargo, en una carta dirigida por el querellado al heredero Ángel Luis Flores Hernández el 19 de julio de 1968, le informó, entre otras cosas, que el testamento se había hecho cumpliendo con los requisitos de ley y luego de haberse discutido ampliamente con el testador todo el procedimiento de ley en cuanto al testamento abierto, de manera que pudiera otorgar en él su voluntad y que los herederos recibieran su herencia de acuerdo con dicha voluntad.

La Sra. Carlota Herrera, viuda de uno de los hijos del testador, el Sr. Ángel Luis Flores Rodríguez, presentó una

querella ante la Comisión de Ética Profesional del Colegio de Abogados de Puerto Rico, el 26 de agosto de 1992, contra el querellado. En dicha querella, la querellante aduce que el querellado fue negligente en la preparación y el otorgamiento del testamento abierto otorgado por el Sr. Otilio Flores Rodríguez. Además, alega que debido a la negligencia del querellado, el testamento es nulo, por lo que no fue posible la partición hereditaria dispuesta en él. En dicha querella se imputó la violación de los Cánones I y II del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, que rigen la profesión de abogado.

El 10 de noviembre de 1994, la parte querellante presentó en el Tribunal de Primera Instancia, Sala Superior de Bayamón, una Solicitud de Sentencia Declaratoria, la cual se declaró con lugar. En dicha sentencia declaratoria, el Tribunal de Primera Instancia declaró nulo e ineficaz el testamento abierto, autorizado por el querellado, por no haber cumplido con una de las solemnidades requeridas por la ley en estos casos.

La parte querellante alega que sufrió daños debido a que el testamento se declaró nulo, no pudiéndose llevar a cabo la partición de los bienes del testador según dispuesto por éste, todo ello por no haber actuado el querellado de manera eficaz y diligente para evitar la situación que motivó la querella.

En la contestación a la querella, aunque el licenciado Méndez Rivera niega no haber actuado de manera eficaz para resolver y evitar la situación que originó la querella, acepta el error cometido (haber citado a dos (2) en vez de a tres (3) testigos instrumentales al otorgamiento del testamento abierto, según requiere la ley). En consecuencia, procedemos a resolver sin trámite ulterior.

El Art. 644 del Código Civil de Puerto Rico, *supra*, dispone lo siguiente:

El testamento abierto deberá ser otorgado ante notario y tres

testigos idóneos que vean y entiendan al testador, y de los cuales uno, a lo menos, sepa y pueda leer y escribir.

Sólo se exceptuarán de esta regla los casos expresamente determinados en este mismo subcapítulo.

De los hechos de este caso se desprende el claro desconocimiento de parte del querellado de las solemnidades y los requerimientos que exige el otorgamiento de un testamento abierto y de los artículos del Código Civil que lo regulan.

■ Haber otorgado un testamento abierto con sólo dos (2) testigos instrumentales es un error que jurídicamente no es subsanable, ya que éste constituye una inobservancia de las normas pautadas en el articulado del Código Civil que regula la autorización de este tipo de documento.

■ En repetidas ocasiones hemos señalado que el testamento es un acto eminentemente formal y solemne, que requiere que las formalidades respectivas a cada tipo de testamento sean siempre observadas so pena de nulidad. Estas formalidades que exige la ley en el otorgamiento de los testamentos no son meras cuestiones de evidencia, sino que son requisitos sustantivos de los cuales depende su validez. Véanse: *Rivera Pitre v. Galarza Martínez*, 108 D.P.R. 565, 568 (1979); *Rodríguez Sardenga v. Soto Rivera*, 108 D.P.R. 733, 734–735 (1979); *Ex Parte Planis v. Pueblo*, 42 D.P.R. 689, 691 (1931). Además, en el testamento abierto " '[l]os testigos son las personas que han de presenciar el acto del otorgamiento por disposición imperativa de la ley. Su intervención tiene el valor de una formalidad solemne e indispensable para la validez del testamento. ... No constituyen solamente un medio de prueba del hecho del otorgamiento, sino que se trata de un requisito esencial para su validez, puesto que su concurrencia lo exige el Código de manera indispensable para la

validez del acto' ". (Énfasis suprimido.) *Rivera Pitre v. Galarza Martínez*, supra, págs. 570-571.

Curiosamente, el propio querellado ratificó su desconocimiento del derecho, en cuanto a lo que a testamento abierto se refiere, al reafirmar en un documento presentado por éste, el 26 de octubre de 1996, ante la Comisión de Ética Profesional del Colegio de Abogados de Puerto Rico,[1] que el testamento estuvo redactado de acuerdo con el derecho, y cita jurisprudencia para sustentar su alegación.

En este caso, el querellado no sólo se desvió de la norma establecida en el articulado del Código Civil, en cuanto a las formas y solemnidades que deben existir en todo otorgamiento de un testamento abierto, sino que el licenciado Méndez Rivera actuó en grave menosprecio de varias disposiciones del Código de Ética Profesional que rigen la práctica de la abogacía.

■ En el Preámbulo del Código de Ética Profesional que rige la conducta de los miembros de la profesión legal de Puerto Rico se le exige a todo abogado, entre otras cosas, tener presente siempre que las gestiones de su profesión afectan de una manera sustancial los aspectos principales de la vida comunal y reconocer que existe un imperioso interés social en que todo ciudadano que lo necesite tenga fácil acceso a los servicios legales de abogados cuya conducta sea siempre honrosa, diligente y educada.

Por su parte, el Canon 1 del Código de Ética Profesional, *supra*, que rige la conducta de los miembros de la profesión legal de Puerto Rico dispone, en lo pertinente, lo siguiente:

> Constituye una obligación fundamental de todo abogado luchar continuamente para garantizar que toda persona tenga acceso a la representación capacitada, íntegra y diligente de un miembro de la profesión legal.

---

[1] El documento al que nos referimos es la contestación a la querella presentada en la Comisión de Ética del Colegio de Abogados de Puerto Rico el 26 de octubre de 1992.

■ El Canon 18 del Código de Ética Profesional, *supra*, en lo pertinente, expone lo siguiente:

> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando de aquella forma que la profesión jurídica en general estima adecuada y responsable.

Sin lugar a dudas, el licenciado Méndez Rivera no se preocupó en prepararse de forma adecuada antes de llevar a cabo el otorgamiento del testamento en cuestión, de manera que estuviera seguro de cumplir a cabalidad con las formas y solemnidades que exige este acto. Como consecuencia de esta falta de diligencia y preparación, el querellado no cumplió con una de las solemnidades requeridas por ley, por lo que posteriormente se declaró nulo el testamento y no se pudo llevar a cabo la partición de los bienes del testador, según dispuesto en el testamento. Además, el hecho de que el querellado no haya actuado de manera eficaz y diligente para evitar la situación que motivó esta querella, demuestra el desinterés de la parte querellada en el caso de su cliente y en prestar una labor idónea competente, según requieren los cánones de ética profesional.

Reiteradamente, este Tribunal ha señalado que

> [l]os Cánones de Etica Profesional establecen las normas básicas que deben regir la relación de un abogado con su cliente. Todo miembro de la profesión legal tiene el deber de "defender los intereses del cliente diligentemente", Canon 18 de Etica Profesional, 4 L.P.R.A. Ap. IX, con un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos, experiencia y habilidad desempeñándose de una forma adecuada y responsable, capaz y efectiva. *In re Acosta Grubb*, 119 D.P.R. 595, 602 (1987). Véanse *In re Arana Arana*, 112 D.P.R. 838, 843 (1982); *In re Cardona Vázquez*, 108 D.P.R. 6, 17–18 (1978).

■ En su Contestación a la Querella, la parte querellada trata, hasta cierto punto, de justificar el error cometido haciendo alusión al hecho de que "en aquel momento

el Licenciado Méndez era un joven recién revalidado que hoy sufre las consecuencias de un error incurrido debido a su inexperiencia".(²) Sobre este particular, este Tribunal dispuso, en *In re Díaz Alonso, Jr.*, 115 D.P.R. 755, 761–762 (1984), que "la juventud y la inexperiencia no pueden eximir al abogado de ser sancionado, cuando se lo merece. ... [E]l abogado tiene la obligación ética de informarse adecuadamente del derecho aplicable para descargar responsablemente sus obligaciones profesionales para con su cliente. Su incumplimiento de las leyes no puede escudarse y mucho menos justificarse con su ignorancia de ellas".

En vista del incumplimiento del Lcdo. Edgar Méndez Rivera con los articulados del Código Civil en cuanto a las formas y solemnidades esenciales de un testamento abierto, y la falta de diligencia y de preparación competente en el caso de la querellante, en clara contravención de los Cánones 1 y 18 del Código de Ética Profesional, *supra, decretamos su suspensión por tres (3) meses del ejercicio de la notaría, y hasta tanto se pida y autorice su reinstalación. Todo lo anterior sin perjuicio de que la parte querellante pueda presentar las acciones independientes que estime pertinentes.*

*Se ordena al Alguacil del Tribunal Supremo que proceda con la incautación de la obra notarial del Lcdo. Edgar Méndez Rivera.*

*Se dictará sentencia de conformidad.*

---

(²) Contestación a la Querella presentada el 24 de septiembre de 1996 en este Tribunal.