EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Eloy Verdejo Roque | 2001 TSPR 26 |

Número del Caso: TS-2958

Fecha: 22/febrero/2001

Oficina de Inspección de Notarías:

                                      Lcda. Carmen H. Carlos
                                      Directora

Abogado de la Parte Querellada:

                                      Lcdo. Pedro Malavet Vega

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Re:

Eloy Verdejo Roque

TS-2958

PER CURIAM

San Juan, Puerto Rico, a 22 de febrero de 2001

El licenciado Eloy Verdejo Roque fue admitido a la práctica de la abogacía por este Tribunal el 7 de junio de 1967; fue autorizado, originalmente, a ejercer el notariado el 5 de septiembre de 1967.

El 27 de septiembre de 2000, la Directora de la Oficina de Inspección de Notarías (en lo sucesivo "ODIN"), licenciada Carmen H. Carlos, nos remitió un informe relativo a la inspección de la obra notarial del licenciado Verdejo Roque. Conforme dicho informe, y luego de haber el notario corregido unas deficiencias que le fueron señaladas, los protocolos de los años 1989, 1990, 1991, 1993, 1994, 1995 y 1997 fueron aprobados por la mencionada Oficina.

En cuanto a los protocolos de los años 1988, 1992 y 1996, éstos fueron aprobados no obstante el hecho de haberse encontrado deficiencias en tres escrituras de testamento abierto, a saber: en la Escritura Núm. 10 del 8 de marzo de 1998 no consta el seguro social de la otorgante María Isabel Santiago Rodríguez; en la Escritura Núm. 51 del 13 de noviembre de 1992 el año del otorgamiento sólo consta en guarismos; y en la Escritura Núm. 6 del 30 de enero de 1996 la hora, día y el año del otorgamiento sólo constan en guarismos. Estas deficiencias no pudieron ser subsanados por el mencionado notario debido al hecho de que los testadores habían fallecido.

Dentro del periodo de inspección, surgieron otras situaciones relacionadas con la obra notarial del licenciado Verdejo Roque. En específico, el 21 de octubre de 1998, el licenciado Verdejo Roque notificó a la ODIN que, al trasladar sus protocolos a su residencia en ocasión del huracán Georges, se le extravió la Escritura Núm. 57 del 20 de diciembre de 1995.[1] Ordenada la reconstrucción de la escritura por la ODIN, el licenciado Verdejo Roque notificó que dicha escritura había sido localizada, solicitando reabrir el protocolo correspondiente para insertar la misma, siendo innecesaria su reconstrucción.[2] Posteriormente, el 17 de diciembre de 1998, el licenciado Verdejo Roque, notificó a la ODIN que por "error involuntario", no había notificado unas escrituras en los informes notariales de noviembre de 1988 y diciembre de 1991; acompañando con dichas notificaciones los respectivos informes enmendados. Finalmente, el 21 de mayo de 1999, el licenciado Verdejo Roque informó a la ODIN haber omitido varios números en su Registro de Testimonios.[3]

---

[1] La Regla 58 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV R. 58, permite el traslado físico de los protocolos en casos de emergencia que pongan en peligro la integridad de estos sin previa autorización. En estos casos, el Notario deberá notificar inmediatamente al Director de la ODIN.

[2] La Directora de la ODIN señala que esta actuación "crea la impresión de que dicho protocolo se había encuadernado sin la escritura 57, lo que arroja dudas respecto al debido control y custodia" de las escrituras autorizadas por el licenciado Verdejo Roque.

[3] Esta última situación fue objeto de una resolución de la ODIN del 29 de septiembre de 1999.

Previo los trámites de rigor, el 6 de diciembre de 2000, compareció el licenciado Verdejo Roque en contestación al informe de la Directora de la ODIN. En la referida contestación, acepta los hechos antes relatados; alega atenuantes. Resolvemos.

I

Sabido es que los notarios están obligados a cumplir estrictamente con lo dispuesto en la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2001 *et. seq.* y en los Cánones del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. La inobservancia de tal obligación los expone a la acción disciplinaria correspondiente. In re: Rodríguez Báez, 129 D.P.R. 819 (1992). Así, la Ley Notarial, ante, exige el cumplimiento de ciertos requisitos de forma en la redacción de instrumentos públicos, con el fin de garantizar su autenticidad.[4]

En cuanto a los protocolos, el Art. 48 de la Ley Notarial, 4 L.P.R.A. sec. 2072, dispone que, los mismos:

> "...pertenecen al Estado. Los notarios los conservarán con arreglo a lo dispuesto en esta Ley, siendo responsable de su identidad. Si se deteriorasen o perdiesen por falta de diligencia, lo repondrán a sus expensas, pudiendo el Tribunal Supremo imponer también a su discreción las sanciones establecidas en el artículo 62..."

Además, como parte de su deber como funcionario público, el notario tiene que remitir a la ODIN un índice mensual sobre su actividad notarial no más tarde del décimo día calendario del mes siguiente al que informa. De no haber tenido actividad notarial durante el mes, debe remitir un índice negativo. Art. 12 de la Ley Notarial de Puerto Rico, 4 L.P.R.A sec. 2023. Sin embargo, la Regla 12 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV R. 12, permite al notario someter un índice mensual enmendado con la correspondiente

---

[4] El Art. 15(d) de la Ley Notarial, 4 L.P.R.A. sec. 2033, requiere que el notario exprese en el instrumento público, entre cosas, el número de seguro social de los otorgantes. En el caso en que un otorgante se rehúsa a informar su número de seguro social o no tiene número de seguro social asignado, el notario debe hacer constar tal circunstancia en la escritura pública. S. Torres Peralta, El Derecho Notarial Puertorriqueño, Publicaciones JTP, Inc., 1995, pág. 8.16. Por otro lado, el Art. 26 de la Ley Notarial, ante, prohíbe el uso de guarismos en fechas y

explicación. En este caso, el Director de la ODIN podrá aceptar la explicación del Notario, ó, cuando lo estime apropiado, presentar un informe ante nos sobre el particular.

Finalmente, el artículo 59 de la Ley Notarial, 4 L.P.R.A. sec. 2094, le ordena al notario llevar "un Registro de Testimonios en notas concisas fechadas, numeradas, selladas y suscritas por ellos haciendo constar el nombre de los otorgantes y una relación sucinta del acto autenticado".

II

El licenciado Verdejo Roque admite haber incurrido en la conducta que se le imputa. Reconoce que las deficiencias señaladas en el Informe, constituyen errores de su parte, pero que no hubo actuación maliciosa, ni conducta ilegal, ni consecuencias indebidas o impropias contra persona alguna, y que las mismas no generan conflicto ni pleito alguno. Sostiene que las deficiencias en las escrituras no afectaron la validez del negocio jurídico, y en cuanto a los demás errores, que éstos fueron prontamente corregidos. Señala, por último, como atenuante, su copiosa labor como notario.

Procede enfatizar, en relación con este último señalamiento, que contrario a lo sostenido por éste, la amplitud de la obra notarial de un notario no puede nunca constituir excusa para la comisión de errores por parte del notario; esta situación, por el contrario, exige de este profesional del derecho mayor cautela y rigurosidad, pues en última instancia, más son las personas que potencialmente se pueden afectar con tales errores.

Debe señalarse, además, que no es ésta la primera vez que el licenciado Verdejo Roque incumple con sus obligaciones profesionales. En dos ocasiones, enero de 1980 y abril de 1984, el Colegio de Abogados nos indicó que Verdejo Roque no había pagado la prima de su fianza notarial. En diciembre de 1983 suspendimos al licenciado Verdejo Roque hasta tanto satisficiera la suma adeudada al Colegio de Abogados. El 13 de agosto de 1987,

---

cantidades, excepto que también se consignen en letras. 4

le impusimos una sanción económica de $150.00 por remisión tardía de notificación de testamento abierto. Nuevamente, el 30 de diciembre de 1992, le impusimos una sanción económica de $300.00 por remisión tardía de notificación sobre otorgamiento de testamento. <u>Finalmente</u>, el 18 de marzo de 1998, <u>suspendimos al licenciado Verdejo Roque del ejercicio de la abogacía por desatender negligentemente encomiendas de sus clientes</u>, reinstalándole el día 17 de agosto de 1998.

En vista a todo lo anteriormente señalado, somos de la opinión que procede suspender del ejercicio de la notaría al abogado Eloy Verdejo Roque por un término de tres (3) meses, contado el mismo a partir de la fecha en que la Sentencia a dictarse en el presente caso advenga final y firme y hasta tanto otra cosa disponga el Tribunal.

Se dictará Sentencia de conformidad.

---

L.P.R.A. sec. 2045.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Re:

Eloy Verdejo Roque
                        TS-2958

SENTENCIA

San Juan, Puerto Rico, a 21 de febrero de 2001

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia suspendiendo del ejercicio de la notaría al abogado Eloy Verdejo Roque por un término de tres (3) meses, contado el mismo a partir de la fecha en que la presente Sentencia advenga final y firme y hasta tanto otra cosa disponga este Tribunal.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de Eloy Verdejo Roque, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo