EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Gilberto Salas Arana | 2007 TSPR 104 <br><br> 171 DPR _____ |

Número del Caso: TS-7774

Fecha: 5 de febrero de 2007

Oficina de Inspección de Notarías:

Lcda. Marla D. Ríos Díaz
Directora Interina

Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el día 3 de abril de 2007.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Gilberto Salas Arana                    TS-7774

PER CURIAM
(Regla 50)

San Juan, Puerto Rico, a 5 de febrero de 2007

Mediante comunicación del 9 de enero de 2007 de la Directora Interina de la Oficina de Inspección de Notarías (ODIN) fuimos informados que un examen realizado por una de las Inspectoras de Protocolos de dicha Oficina, en noviembre de 2004, de la obra notarial del abogado-notario Gilberto Salas Arana había revelado serias deficiencias en la función notarial de dicho notario, esto es, la falta de la firma del notario en cincuenta y cinco instrumentos públicos[1], cinco testamentos con identificación dual del testador, una deficiencia

---

[1] Esta deficiencia fue con relación a escrituras de capitulaciones matrimoniales, emancipaciones, compraventas, donaciones, cancelaciones de hipotecas, ratificaciones y poderes.

arancelaria, en ese momento, de $17,380 aproximadamente[2] y alrededor de 1951 testimonios sin entrada en el Registro de Testimonios, entre otros.

Una visita posterior de reinspección de la Inspectora a la oficina de Salas Arana --el 12 de octubre de 2006-- reveló que, a esa fecha, la deuda arancelaria había aumentado a la suma de $87,923. Como correctamente nos señala la Directora Interina de ODIN, en su informe del 9 de enero de 2007, en el presente caso "… la situación se agrava porque la obra del notario refleja otras deficiencias de naturaleza grave y de carácter repetitivo, que ponen en entredicho la eficacia de los instrumentos públicos y los testimonios autorizados" por el notario en controversia.

Ante esta alarmante y seria situación resolvemos, sin ulterior trámite y al amparo de las disposiciones de la Regla 50 de nuestro Reglamento, el asunto que se nos plantea, ello en protección de la ciudadanía.


I

En reiteradas ocasiones este Tribunal se ha expresado sobre el deber que tiene todo notario de cancelar las correspondientes estampillas, inmediatamente después del acto notarial realizado, y de las serias consecuencias del

---

[2] Esta suma de dinero es aproximada debido a que requiere aclaración ulterior en la valorización de algunos instrumentos pero se estima, hasta el momento, en $1,365 en sellos de Rentas internas, $16,000 en sellos de Asistencia Legal y $15 de Impuesto Notarial.

incumplimiento con dicho deber. In re: Amundaray Rivera, 2004 TSPR 191; In re: Casiano Silva, 145 D.P.R. 343, 347 (1998); In re: Cardona Esterlitz, 137 D.P.R. 453, 455 (1994). Hemos señalado que esta práctica de no cancelar los correspondientes sellos de Rentas Internas, inmediatamente que se otorga una escritura, no sólo constituye una violación a la Ley Notarial sino que podría, incluso, resultar en la configuración de un delito de apropiación ilegal. In re: Merino Quiñones, 115 D.P.R. 812 (1984). Resulta verdaderamente intolerable que en nuestra jurisdicción adeude tan elevada suma de dinero por este concepto.

Por otro lado, la falta de la firma del notario Salas Arana en cincuenta y cinco instrumentos otorgados constituye un craso incumplimiento con los Artículos 16, 24, 28 y 34 de la Ley Notarial y de las Reglas 34 y 36 de su Reglamento, omisión que puede causar que se decrete la nulidad de dichos instrumentos. Esto es una falta notarial grave que acarrea la imposición de serias sanciones disciplinarias. In re: Amundaray Rivera, ante; In re: Sánchez Quijano, 148 D.P.R. 509 (1999).


II

En vista de todo lo antes expuesto, se suspende inmediatamente de ejercicio de la Notaría en Puerto Rico a Gilberto Salas Arana. El Alguacil del Tribunal Supremo deberá incautarse, de inmediato, de la obra notarial de

éste y entregarla a la Oficina de Inspección de Notarías, para la investigación e informe.

El abogado Salas Arana tendrá el término improrrogable de quince días para mostrar causa por la cual este Tribunal no debe, además, decretar su suspensión de la práctica de la abogacía en esta jurisdicción.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Gilberto Salas Arana                    TS-7774


SENTENCIA

San Juan, Puerto Rico, a 5 de febrero de 2007

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia suspendiendo inmediatamente del ejercicio de la Notaría en Puerto Rico a Gilberto Salas Arana.

El Alguacil del Tribunal Supremo deberá incautarse, de inmediato, de la obra notarial de éste y entregarla a la Oficina de Inspección de Notarías, para la investigación e informe correspondiente.

El abogado Salas Arana deberá, en el término improrrogable de quince días, mostrar causa por la cual este Tribunal no deba, además, decretar su suspensión de la práctica de la abogacía en esta jurisdicción.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo