EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Edgardo Mesonero Hernández | 2008 TSPR 78<br><br>174 DPR _____ |

Número del Caso: TS-6541


Fecha: 30 de abril de 2008


 Abogado de la Parte Peticionaria:

                        Lcdo. Pedro E. Ortiz Álvarez
                        Lcdo. Jesús Antonio Rodríguez Urbano


Oficina de Inspección de Notarías:

                        Lcda. Lourdes I. Quintana Lloréns
                        Directora


Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Edgardo Mesonero Hernández

TS-6541

*PER CURIAM*

En San Juan, Puerto Rico, a 30 de abril 2008.

El 31 de julio de 2007 la Directora de la Oficina de Inspección de Notarías (ODIN) sometió un informe sobre el estado de la notaría del Lcdo. Edgardo Mesonero Hernández. Del mismo surge que los protocolos del notario correspondientes a los años 1994, 1995, 1997, 1998, 2000, 2001 y 2002 fueron aprobados con deficiencias.

La Directora de ODIN trajo a nuestra atención ciertas deficiencias en los protocolos correspondientes a los años 2000 y 2001 que, a su entender, indicaban que el notario Mesonero Hernández no observó la diligencia requerida en su desempeño notarial.

Las deficiencias con las que fue aprobado el protocolo del año 2000 son las siguientes:[1]

**Escritura número 54 sobre Donación – comparece como testigo instrumental un pariente de uno de los otorgantes; faltó expresión de las dos lecturas en alta voz y de la unidad de acto debido a que la donante no sabía leer.** A pesar de que el notario reconoce que existe un vínculo filial entre la otorgante donante y el testigo, se ha visto impedido de subsanar el instrumento debido a que según éste la otorgante ha perdido sus facultades mentales.

**Escritura número 92 sobre Testamento – faltó la expresión sobre el conocimiento entre testigos y testador a tenor con los Arts. 630 y 631 del Código Civil de Puerto Rico y el caso de *In re*: Barney López, 146 DPR 756 (1998).** El notario evidenció a la Inspectora el fallecimiento de la testadora y la autorización de una escritura sobre división de herencia autorizada ante él mismo lo que demuestra que la deficiencia no ocasionó perjuicios a terceros.

Las deficiencias con las que fue aprobado el protocolo del año 2001 son las siguientes:

**Escrituras número 40 y 88 sobre Testamento Abierto – faltó la expresión sobre conocimiento entre testigos y testador.** El notario informó el fallecimiento de la testadora de la escritura número 40, pero no brindó información sobre la escritura número 88.

**Escrituras número 77 sobre Donación y número 90 sobre Compraventa – faltó la firma del notario. Artículos 13, 28 y 34 de la Ley Notarial.** El notario informó que la donante de la escritura número 77 falleció. No brindó

---

[1] Las deficiencias con las que se aprobaron los protocolos de los años 1994, 1995, 1997, 1998 y 2002, fueron atendidas mediante resoluciones administrativas de la Oficina de Inspección de Notarías.

información sobre la escritura número 90. (Énfasis en el original, citas omitidas).

Examinado el informe de la Oficina de Inspección de Notarias, en resolución fechada 16 de noviembre de 2007 y notificada el 26 de ese mes, ordenamos al licenciado Edgardo Mesonero Hernández mostrar causa por la cual no debíamos ordenar su suspensión del ejercicio de la abogacía.

## II

El Artículo 22 de la Ley Notarial de Puerto Rico, dispone, en lo pertinente, que no podrán ser testigos instrumentales los empleados del notario autorizante, ni **los parientes de éste o de las partes interesadas, dentro del cuarto grado de consanguinidad o segundo de afinidad.** 4 L.P.R.A. sec. 2040. La naturaleza de esta falta convierte a dicho instrumento en uno **nulo** a tenor con lo dispuesto en el Artículo 34 de la Ley Notarial de Puerto Rico y la Regla 33 del Reglamento Notarial. 4 L.P.R.A. Sec. 2052. Véase Sucn. Santos v. Registrador, 108 DPR 831 (1979); Viqueira v. Registrador, 43 DPR 34 (1932).

Por otra parte, cuando el otorgante no sabe o no puede firmar, el Artículo 20 de la Ley Notarial de Puerto Rico exige la comparecencia de un testigo instrumental. 4 L.P.R.A. sec. 2038. En tales circunstancias, se requiere que haya unidad del acto, lo cual el notario

hará constar bajo su fe en la escritura, conforme a lo dispuesto en el Artículo 24 de la Ley. 4 L.P.R.A. Ap. XXIV, R.35, conforme a lo expuesto en *In re*: López Toro, 146 DPR 756 (1998). Es éste **un deber de estricto cumplimiento** cuya omisión, si bien no acarrea la nulidad del testamento, atenta contra la fe pública en él depositada.

En cuanto a la omisión del notario de consignar el conocimiento entre los testigos y el testador hemos resuelto que tampoco invalidará automáticamente el testamento, aunque pudiera acarrear sanciones disciplinarias. *In re*: Méndez Rivera, 141 DPR 753 (1996); *In re*: López Toro, *ante*, [citando a Bardeguez v. Registrador, 27 DPR 214 (1919)].

La omisión de la firma del notario, al igual que la ausencia de las firmas de las partes o testigos, es causa de **nulidad** del instrumento. Así lo establece claramente el Art. 34 de la Ley Notarial. Según expresamos en *In re*: González Maldonado, 152 DPR 871 (2000), el único remedio que tiene el notario a su disposición para corregir tal deficiencia es el otorgamiento de una nueva escritura. Véase, además, *In re*: Salas Arana, 2007 TSPR 104; *In re*: Amundaray Rivera, 2004 TSPR 191; *In re*: Moreira Avillán, 147 DPR 78,86-87 (1998); In re: Sánchez Quijano; 148 DPR 509 (1999); *In re*: Platón, 113 DPR 273, 274 (1982).

Hemos establecido que el ejercicio de nuestra facultad disciplinaria conlleva examinar múltiples factores. En particular, en los procesos disciplinarios contra los letrados se deben examinar las circunstancias objetivas concurrentes con la comisión de las faltas éticas alegadas, la conducta del letrado luego de ocurrida la falta y el grado de arrepentimiento, si alguno, que muestre el abogado, antes de imponerle una sanción disciplinaria. *In re*: Padilla Santiago, 158 DPR 787 (2003); *In re*: Verdejo Roque, 153 DPR 464 (2001); *In re*: Ardín Román, 75 DPR 496, 501 (1953).

Así mismo hemos resuelto que:

> Al determinar la sanción que ha de imponerse a un abogado que ha incurrido en conducta impropia, acostumbramos considerar, entre otras cosas, **el previo historial del abogado, si se trata de una primera falta o de una conducta aislada y si el abogado goza de buena reputación en la comunidad.** (Énfasis nuestro). *In re*: Rivera Arvelo, 132 D.P.R. 840, 865 (1993).

### III

En la escritura número 54 del año 2000, sobre donación otorgada ante el licenciado Mesonero Hernández, figuró como testigo instrumental un pariente de la donante, según admitido por el propio notario. Sin embargo, la enfermedad de la donante imposibilitó que se otorgara una nueva escritura y se subsanara la deficiencia. El fallecimiento de la testadora en la

escritura número 92 del mismo año imposibilitó igualmente la subsanación de la falta de expresión sobre el conocimiento en los testigos y la testadora. El fallecimiento de la testadora impidió también que se subsanara la misma deficiencia en la escritura número 40 de 2001. Igualmente, no se logró subsanar la deficiencia de la que adolece la escritura número 77 del año 2001, debido al fallecimiento de la donante. Según indicó la Oficina de Inspección de Notaría, el notario no ofreció detalles sobre las escrituras número 80 y 90 del mismo año.

En su moción en cumplimiento de orden para mostrar causa el licenciado Mesonero Hernández recalca que desde que surgió la controversia en el caso de marras ha demostrado su interés en aclarar la situación de su protocolo de instrumentos públicos para los años 2000 y 2001 y su "intención inequívoca" de atender con diligencia y seriedad los señalamientos de la Oficina de Inspección de Notarias. Reconoce, además, sus faltas y omisiones en el descargo de su función notarial, pero aduce que ninguna de las faltas respondió a alguna motivación indebida o fraudulenta de su parte.

El licenciado Mesonero Hernández hace hincapié en que a pesar de dichas faltas, los negocios jurídicos contenidos en los instrumentos públicos a que se refiere

el informe tuvieron plena eficacia entre las partes contratantes o entre los herederos de los otorgantes. De esa forma, las partes realmente interesadas no han sufrido lesión o perjuicio alguno por las omisiones involuntarias del notario.

Así mismo nos ruega que consideremos circunstancias atenuantes que a su entender obran en este caso, en particular que a través de su larga carrera profesional, desde que fue admitido en 1979, no ha sido objeto de señalamiento ético alguno. Sometió además, testimonios de su dedicación a la representación de personas indigentes en la región judicial de Aguadilla, lo cual indudablemente amerita nuestra consideración. *In re*: Cardona Álvarez, 116 DPR 895 (1986).

Considerado lo anterior, y la jurisprudencia aplicable, limitamos la sanción disciplinaria en este caso a la suspensión del licenciado Mesonero Hernández de la práctica notarial por el término de tres meses contados a partir de la notificación de este dictamen.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Edgardo Mesonero Hernández        TS-6541

*SENTENCIA*

En San Juan, Puerto Rico, a 30 de abril de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, se suspende al licenciado Mesonero Hernández de la práctica notarial por el término de tres meses contados a partir de la notificación de este dictamen.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo