*In re* Víctor M. Padilla Santiago.

*Número:* TS-7159　　　　　*Resuelto:* 5 de marzo de 2003

*Carmen H. Carlos, directora de la Oficina de Inspección de Notarías; Víctor M. Padilla Santiago,* abogado querellado.

PER CURIAM: La Oficina de Inspección de Notarías (en adelante ODIN) nos ha rendido un informe del cual se desprende, en lo pertinente, que una inspección del Protocolo correspondiente a 1998 del abogado-notario Víctor M. Padilla Santiago demuestra que en tres escrituras de testamento abierto el referido notario no dio fe de conocer al

testador.([1]) Nos informó, además, la mencionada Oficina que el notario Padilla Santiago *aceptó* haber cometido las faltas señaladas, afirmando que no podía corregir dichas deficiencias debido a que los testadores habían fallecido.([2])

Con motivo de dicho informe, le concedimos un término al notario Padilla Santiago para que expresara lo que a bien tuviera respecto al informe rendido por ODIN y para que mostrara causa por la cual no debería ser disciplinado. Padilla Santiago ha comparecido. Expresa que es correcto el informe rendido por ODIN, razón por la cual *acepta* las faltas cometidas, sometiéndose a la autoridad de este Tribunal. Debe señalarse, por último, que Padilla Santiago aduce, como excusa o atenuante de su conducta, que lo ocurrido se debió a que cuando adquirió

> "... una nueva computadora y se fueron a hacer los borradores de las escrituras en la del Testamento, no se pusó [sic] 'doy fe' y aunque fue leído por la Secretaria, los Otorgantes y éste [sic] Notario en esas escrituras no me di cuenta de lo que faltaba."

## I

El Art. 634 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2150, le impone al notario autorizante la obligación de conocer al testador y de asegurarse de que éste tenga la capacidad legal para testar. Por otro lado, el Art. 15(e) de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2033(e), complementa ese mandato al establecer que en la escritura pública expresamente se consigne la fe del notario a los efectos de que conoce a los otorgantes, ya sea personalmente o mediante los mecanismos que provee la ley;

---

([1]) Escrituras Núms. 37, 66 y 74 de 31 de mayo, 31 de agosto y 8 de octubre 1998, respectivamente.

([2]) Indicó el referido notario, además, que había notificado a los herederos las deficiencias de las que adolecían los testamentos, acompañando, como anejos de su comparecencia, declaraciones juradas indicativas de que dichos herederos estaban de acuerdo con la última voluntad de los testadores.

además, el notario deberá hacer constar que, a su juicio, éstos poseen la capacidad legal necesaria para otorgar dicha escritura. Por último, debe señalarse que el Art. 636 del Código Civil, 31 L.P.R.A. sec. 2152, establece que *será nulo* todo testamento en que no se observen las referidas formalidades de ley.([3])

■ No hay duda, en consecuencia, de que la Ley Notarial de Puerto Rico considera *medular* la comparecencia personal y el conocimiento de los comparecientes. *Cintrón Ramos v. Registrador*, 144 D.P.R. 91 (1997). Una vez el notario se aparta de cumplir con las obligaciones y los deberes que le impone nuestro ordenamiento jurídico, el notario incurre en conducta que lesiona la confianza y la función pública en él investida, *lo que usualmente genera sanciones disciplinarias.* Véase *In re Capestany Rodríguez*, 148 D.P.R. 728 (1999).

■ Este Tribunal ha resuelto que cuando se afecta la eficacia del documento mismo otorgado —como en el presente caso ha sucedido— la conducta del notario debe ser calificada como seria y grave. *In re Madera Acosta*, 144 D.P.R. 743 (1998).

En *In re Ramos Vélez*, 151 D.P.R. 186 (2000) —caso que presenta una situación de hechos similar a la del presente—([4]) este Tribunal entendió procedente, en vista del his-

---

([3]) Refiriéndose, específicamente, a la dación de fe de conocimiento, en *Deliz et als. v. Igartúa et als.*, 158 D.P.R. 403 (2003), sostuvimos que, tratándose de una formalidad de fondo, su omisión *no* puede ser subsanada mediante la presentación de prueba extrínseca. A tales efectos, señalamos que en nuestro ordenamiento jurídico el requisito de la fe de conocimiento ocupa un sitial privilegiado, constituyendo un elemento esencial que ha llegado a considerarse como una solemnidad de importancia suprema e imperiosa. Esto es, se trata de una solemnidad indispensable para la validez del testamento que, al ser omitida, *provoca la nulidad absoluta del testamento.*

([4]) En dicho caso, al igual que en el presente, el notario autorizante omitió dar fe de conocer el testador en cuatro escrituras públicas que otorgara.

Resulta, cuando menos, curioso que la "excusa" que dicho notario brindó para justificar sus faltas fue igual a la que brinda Padilla Santiago en el presente caso, a saber, errores y omisiones en la computadora.

torial del notario allí involucrado,([5]) suspender a éste del ejercicio del notariado por un término de noventa días e imponerle el pago de una multa de dos mil dólares.

## II

Nos informa ODIN que, con excepción del Protocolo de 1998, la obra notarial de Padilla Santiago "ha sido encontrada correcta". Aduce ODIN que, no obstante ser "grave" su conducta, existen atenuantes, a saber: el hecho de que el notario Padilla Santiago "reconoció" la comisión de las faltas y que, contrario al caso *In re Ramos Vélez*, ante, en el presente caso, "hasta el momento, ninguno de los testamentos en cuestión ha sido impugnado", tendiendo todo a indicar "que no se ha afectado el proceso de la distribución de la herencia".

En vista de *todo* lo anteriormente expuesto, consideramos procedente la imposición al notario Víctor M. Padilla Santiago de una sanción disciplinaria de sesenta días de suspensión del ejercicio de la notaría en Puerto Rico, contada a partir del día en que el Alguacil de este Tribunal notifique esta Sentencia al notario. El Alguacil deberá, además, incautarse en dicho día de la obra notarial del referido notario, incluyendo su sello notarial, la cual deberá entregar a la Oficina de Inspección de Notarías para la acción correspondiente.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez no intervino.

---

([5]) Surge de la opinión *per curiam* emitida en dicho caso que el notario Iván A. Ramos Vélez había sido disciplinado anteriormente por el Tribunal por haber faltado a la fe notarial. Véase *In re Ramos Vélez*, 104 D.P.R. 568 (1976).