*In re* FRANCISCO IRLANDA PÉREZ.

*Número:* TS-2917          *Resuelto:* 30 de junio de 2004

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *Francisco Irlanda Pérez*, querellado.

PER CURIAM: Mediante informe a esos efectos, la Directora de la Oficina de Inspección de Notarías (ODIN) nos informó que un examen de la obra notarial del abogado-notario Francisco Irlanda Pérez reveló que éste otorgó una escritura pública, sobre testamento abierto,[1] que adolecía de serias deficiencias,[2] con el agravante de que tales deficiencias no se corrigieron porque el testador había fallecido. Se nos informó, además, que el notario Irlanda Pérez aceptaba la comisión de las deficiencias señaladas.

Le concedimos un término al referido abogado-notario para que se expresara respecto al informe que rindió ODIN. En su comparecencia, nuevamente aceptó las fallas cometidas. Informó, además, que se había presentado una acción en la Sala Superior de Carolina del Tribunal de Primera Instancia sobre partición de herencia. Nos señaló, por último, que padecía de una serie de condiciones que afectaban seriamente su salud. Le concedimos un término a ODIN para expresar su parecer. Mediante escrito de 28 de mayo de 2004, ODIN nos informa que el pleito civil, respecto a la herencia relacionada con el testamento otorgado, finalizó mediante una "estipulación transaccional y relevo general".

Resolvemos.

I

En *In re Ramos Vélez*, 151 D.P.R. 186, 189 (2000), reiteramos la doctrina de que "el testamento es un acto

---

[1] Escritura Núm. 1, correspondiente al Protocolo de 1995.

[2] La fecha en que se autorizó el instrumento aparece únicamente en guarismos, sin que se consignara en palabras, conforme establece el Art. 27 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 L.P.R.A. sec. 2045, y la Regla 20 del Reglamento Notarial de Puerto Rico (Reglamento Notarial),4 L.P.R.A. Ap. XXIV. Además, en el instrumento se *omitió* la fe expresa de que hubo unidad del acto, conforme lo requiere el Art. 649 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2186, el Art. 24 de la Ley Notarial, 4 L.P.R.A. sec. 2042, y la Regla 35 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV.

eminentemente solemne, que requiere se cumplan las formalidades correspondientes a cada tipo de testamento, so pena de nulidad" y que estas "formalidades no son simples cuestiones de evidencia, sino requisitos sustantivos, de los cuales depende su validez". Véase, además, *In re Padilla Santiago*, 158 D.P.R. 787 (2003).

Ahora bien, las formalidades correspondientes a cada tipo de testamento, así como sus requisitos y el modo de otorgarlos, se disponen en el Código Civil de Puerto Rico. Así, pues, entre los testamentos existentes en nuestro ordenamiento jurídico se encuentra el testamento abierto, el cual de acuerdo con nuestro Código se otorga ante notario. Véase Art. 644 del Código Civil, 31 L.P.R.A. sec. 2181.

En el testamento abierto, como en cualquier escritura, la Ley Notarial de Puerto Rico (Ley Notarial) y el Reglamento Notarial de Puerto Rico (Reglamento) rigen supletoriamente, complementando y asegurando el cumplimiento de las disposiciones del Código Civil. *In re Nieves Ortiz*, 144 D.P.R. 918 (1998). Véase, además, *In re Padilla Santiago*, supra.[3] Cónsono con lo anterior, este Tribunal ha sido enfático al disponer que cuando se otorga un testamento abierto, por ser éste un instrumento público, el notario debe cumplir no sólo con las solemnidades contenidas en el Código Civil sino, además, con los requisitos de forma que le imponen la Ley Notarial y su Reglamento. *In re Nieves Ortiz*, ante; *In re Padilla Santiago*, supra. Autorizar un testamento sin seguir ni observar rigurosamente las exigencias del Código Civil y de la Ley Notarial pone en entredicho su validez y por tal razón se considera una infracción seria de parte del notario. *In re Méndez Rivera*, 141 D.P.R. 753 (1996); *In re Medina Adorno*, 113 D.P.R. 177 (1982).

---

[3] Ley Núm. 75 de 2 de julio de 1987, conocida como Ley Notarial, y Reglamento de 1 de agosto de 1995.

■ Con relación a los requisitos de fondo de los testamentos abiertos, uno de éstos es la expresión del lugar, año, mes, día y hora de su otorgamiento. A esos efectos, el Art. 645 del Código Civil, 31 L.P.R.A. sec. 2182, dispone:

> El testador expresará su última voluntad al notario y a los testigos. *Redactado el testamento con arreglo a ella y con expresión del lugar, año, mes, día y hora de su otorgamiento*, se leerá en alta voz, para que el testador manifieste si está conforme con su voluntad. Tanto el testador como los testigos podrán leer por sí mismos el testamento, debiendo el notario advertirles de éste su derecho. (Énfasis suplido.)

■ Por su parte, la Ley Notarial expresamente prohíbe el uso de guarismos en la expresión de fechas en los instrumentos públicos. Específicamente, el Art. 27 de la referida pieza legislativa establece que *no* se podrán usar guarismos en la expresión de fechas y cantidades, a no ser que éstas también se consignen en letras. 4 L.P.R.A. sec. 2045.[4]

■ Del informe de ODIN surge que el notario Irlanda Pérez expresó en guarismos el día correspondiente a la fecha en que se otorgó el testamento. El referido notario aceptó que incurrió en la falta. No cabe duda de que el día de otorgamiento es un componente esencial del testamento abierto y que, de acuerdo con las disposiciones de la Ley Notarial, ese componente debía haberse consignado en letras en lugar de guarismos. Al utilizar únicamente guarismos en relación con la fecha de otorgamiento del testamento, el notario incurrió en una falta seria en la redacción de un instrumento público, quebrantando así su deber de cuidado y de ejercer la notaría con la mayor diligencia y celo profesional. *In re Colón Muñoz*, 131 D.P.R.

---

[4] Esto, no obstante, como toda regla general, tiene excepciones, las cuales se detallan en la Regla 20 del Reglamento Notarial, *supra.* Entre las excepciones se encuentran las citas directas, citas legales, los datos de inscripción en los registros, el número de licencia de conducir, número de seguro social, número de pasaporte, entre otros.

121 (1992); *In re Vergne Torres*, 121 D.P.R. 500 (1988); *In re Tirado Saltares*, 118 D.P.R. 576 (1987).

II

Nos señala ODIN que en la Escritura Núm. 1 de 1995, el notario Irlanda Pérez no dio fe de que se hubiese observado la unidad de acto. El notario, igualmente, acepta que incurrió en esta falta. Veamos.

■ Otra de las solemnidades del testamento abierto es que se debe realizar en unidad de acto. A esos fines, en el Art. 649 del Código Civil, 31 L.P.R.A. sec. 2186, se dispone que

> *[t]odas las formalidades expresadas en este subcapítulo se practicarán en un solo acto,* sin que sea lícita ninguna interrupción, salvo la que pueda ser motivada por algún accidente pasajero. El notario dará fe, al final del testamento, de haber cumplido todas las dichas formalidades y de conocer al testador o a los testigos de conocimiento en su caso. (Énfasis suplido.)

■ Por su parte, la Ley Notarial y su Reglamento requieren la unidad de acto siempre y cuando comparezca un testigo instrumental en el otorgamiento de un instrumento público. Regla 35 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV. Cuando esto ocurre, el notario, *bajo su fe notarial, tiene que hacerlo constar en la escritura.* Íd.; Art. 24 de la Ley Notarial, 4 L.P.R.A. sec. 2042.

■ La falta en la cual incurrió el notario de no hacer constar en la escritura el que se haya observado la unidad de acto, denota un descuido extremo de parte del licenciado Irlanda Pérez en su función notarial al redactar y autorizar instrumentos públicos. Como señaláramos en *In re Vergne Torres*, ante, pág. 502, "la notaría es una función de cuidado y debe ser ejercida con suma diligencia y celo profesional. La observancia de las disposiciones de la ley es esencial". Precisamos recalcar que la unidad de acto

es una solemnidad de los testamentos abiertos y que sin la dación de fe sobre ese particular se haría difícil para los tribunales de justicia poder evaluar si en efecto se llevó a cabo.

Ahora bien, en vista de que esta es la primera vez que a este notario se le imputa una falta sobre su obra notarial, de que consta en el expediente una declaración jurada de uno de los testigos del testamento donde se indica que en efecto hubo la unidad de acto durante su otorgamiento y que ninguna parte ha sufrido daños por los descuidos en que incurrió el notario, limitamos la sanción a una censura, apercibiéndole de que en el futuro debe ser más cuidadoso en los instrumentos públicos que autorice.

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señor Hernández Denton y Señor Rivera Pérez no intervinieron.