Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| INOCENCIA CASIANO DÍAZ; ÁNGEL J. CASIANO DÍAZ; MARÍA INOCENCIA CASIANO DÍAZ; MARÍA DEL CARMEN CASIANO DÍAZ; JORGE LUIS CASIANO DÍAZ; PURA CASIANO DÍAZ; ANA DELIA CASIANO DÍAZ; ROSA MARÍA CASIANO DÍAZ<br><br>APELANTES<br><br>v<br><br>GRIMALDI MALDONADO MALDONADO<br><br>APELADO | KLAN202500234 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV04235<br><br>Sobre: Nulidad de Testamento Abierto por incumplimiento de los deberes del notario otorgante a tenor con lo establecido con e Código Civil 1930 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 14 de mayo de 2025.

## I.

El 20 de marzo de 2025, Inocencia Casiano Díaz, et als (parte apelante) presentó ante nos el *Escrito de Apelación* en la que solicitó que revoquemos la *Sentencia* emitida, notificada y archivada digitalmente el 19 de febrero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario).[1] En el referido dictamen, el TPI acogió las mociones presentadas por la parte apelante y el Licenciado Grimaldi Maldonado Maldonado (el Lcdo. Maldonado Maldonado o apelado) y decretó la desestimación del pleito debido a que la parte apelante no enmendó la *Demanda*

---

[1] Apéndice de la Apelación, Anejo 1, págs. 1-3.

para incluir a la Sucesión de Héctor José Figueroa Casiano tras ser una parte indispensable en el pleito.

El 21 de marzo de 2025, emitimos una *Resolución* en la que le concedimos al Lcdo. Maldonado Maldonado hasta el 21 de abril de 2025 para presentar su alegato en oposición.

El 21 de abril de 2025, el apelado presentó el *Alegato de: Grimaldi Maldonado Maldonado*, en el que solicitó que se confirme la *Sentencia* apelada.

**II.**

El caso de marras tuvo su génesis el 22 de julio de 2024 cuando la parte apelante presentó la *Demanda* en la que impugnó el Testamento Abierto otorgado por la causante Silvia Casiano Díaz ante el Notario el Lcdo. Grimadi Maldonado Maldonado, escritura número quince (15) del 3 abril de 2019 en Bayamón, Puerto Rico.[2] Surge del Testamento Abierto que, la causante dispuso sus bienes hereditarios de la siguiente forma: setenta por ciento (70%) a su hermano el señor Juan Evangelista Casiano Díaz y el restante treinta por ciento (30%) se dividiría en partes iguales entre su hermano el señor Jorge Manuel Casiano Díaz y su sobrino el señor Héctor Luis Figueroa Casiano (señor Figueroa Casiano). En esa línea, la parte apelante indicó que el señor Orlando Jiménez Figueroa (señor Jiménez Figueroa), quien fungió como testigo instrumental, le informó que el apelado incumplió con leer en voz alta el testamento y no obtuvo la aprobación de la testadora y de los testigos instrumentales para ello. Asimismo, la parte apelante alegó que el Lcdo. Maldonado Maldonado no realizó ante la testadora y los testigos instrumentales las advertencias requeridas por la Ley Notarial, Ley Núm. 75 de la 2 julio de 1987 (Ley Núm. 75-1987), según enmendada, 4 LPRA sec. 2001, *et. seq.* Además, el señor

---

[2] Véase la Anotación Judicial Núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo de Caso (SUMAC).

Jiménez Figueroa alegó que no hubo unidad de acto puesto que la testadora y los testigos instrumentales se encontraban en distintas partes en la residencia de la causante. Por ende, la parte apelante solicitó que el testamento fuese declarado nulo.

El 16 de agosto de 2024, el apelado presentó la *Moción en solicitud sobre desistimiento de demanda* en la que ripostó que las alegaciones eran falsas en virtud de que el documento fue inspeccionado y aprobado por la Oficina del Inspector de Protocolos (ODIN).[3] A su vez, señaló que el 7 de agosto de 2023 el TPI, Sala Superior de San Juan emitió previamente una *Sentencia* (caso núm. SJ2022CV02670) en la que desestimó una *Demanda* similar interpuesta por la parte apelante sobre el testamento en controversia, tras no adquirir jurisdicción de la Sucesión Figueroa Casiano dado que el señor Figueroa Casiano falleció. Por ende, el Lcdo. Maldonado Maldonado razonó que la *Demanda* constituía cosa juzgada por haber igual identidad de partes y del asunto con relación a la *Demanda* previamente radicada.

Ese mismo día, el apelado radicó *Moción enmendada en Solicitud de Desestimación de Demanda* en la que sostuvo las defensas planteadas previamente.[4] Sin embargo, enfatizó que el 16 de diciembre de 2023 el TPI, Sala Superior de Bayamón (caso núm. BY2023CV05157) emitió una *Sentencia* en la que nuevamente desestimó, con perjuicio, otra *Demanda* presentada por la parte apelante, sobre el testamento en controversia, debido a que la parte apelante no emplazó a la Sucesión Figueroa Casiano. Por tanto, la *Demanda* constituía cosa juzgada y el pleito debía ser desestimado.

---

[3] Véase la Anotación Judicial Núm. 6 del expediente digital del caso en SUMAC.
[4] Véase la Anotación Judicial Núm. 8 del expediente digital del caso en SUMAC.

Tras varios trámites procesales, el 11 de septiembre de 2024 el TPI emitió una *Orden* en la que declaró No Ha Lugar la *Moción Enmendada en Solicitud de Desestimación de Demanda*.[5]

El 19 de septiembre de 2024, el Lcdo. Maldonado Maldonado presentó la *Contestación a la demanda* en la que negó en su totalidad las alegaciones de la parte apelante.[6]

Durante el descubrimiento de prueba, el 9 de enero de 2025, el apelado radicó *Moción en solicitud de desestimación de demanda por falta de parte indispensable* en la que argumentó que la *Demanda* interpuesta por la parte apelante es cosa juzgada ya que el TPI resolvió en dos ocasiones la controversia planteada en la referida *Demanda*.[7] En esa línea, el Lcdo. Maldonado Maldonado adujo que ambos foros primarios expusieron que el señor Figueroa Casiano era heredero de la causante Silvia Casiano Díaz, el cual falleció, y por tanto, la parte apelante debió incluir a la Sucesión Figueroa Casiano en ambos pleitos de impugnación de testamento. Consecuentemente, ambas salas del TPI resolvieron respectivamente desestimar las *Demandas* por motivo de que no adquirió jurisdicción de la Sucesión Figueroa Casiano tras ser parte indispensable en los pleitos radicados por la parte apelante. Por ende, el Lcdo. Maldonado Maldonado solicitó que el foro primario desestimara por, tercera ocasión, el pleito puesto que la parte apelante no incluyó nuevamente como parte indispensable a la Sucesión Figueroa Casiano.

El 30 de enero de 2025, la parte apelante radicó *Oposición a Moción sobre segunda solicitud de desestimación* en la que expuso que las *Sentencias* anteriormente emitidas no guardan relación con los hechos y controversias planteadas en la *Demanda*.[8] No obstante,

---

[5] Véase la Anotación Judicial Núm. 11 del expediente digital del caso en SUMAC.
[6] Véase la Anotación Judicial Núm. 12 del expediente digital del caso en SUMAC.
[7] Véase la Anotación Judicial Núm. 19 del expediente digital del caso en SUMAC.
[8] Véase la Anotación Judicial Núm. 24 del expediente digital del caso en SUMAC.

arguyó que no incluyó como parte indispensable a la Sucesión Figueroa Casiano debido a que no estaban presentes el día en que se otorgó el testamento en controversia. Además, la parte apelante fundamentó que no hay constancia acerca del fallecimiento del señor Figueroa Casiano y que haya ocurrido la apertura de la Sucesión Figueroa Casiano. Por tanto, no procedía la *Moción de Desestimación* radicada por el apelado.

Ese mismo día, notificada el 31 de enero de 2025, el TPI emitió y notificó una *Orden* en la que le ordenó a la parte apelante que enmendara la *Demanda* dentro del término de siete (7) días calendario para que incluyera como parte indispensable a la Sucesión Figueroa Casiano.[9]

El 13 de febrero de 2025, la parte apelante presentó *Moción en cumplimiento de orden y solicitando término adicional para enmendar la Demanda* en la que le solicitó al TPI una prórroga de cinco (5) días adicionales para enmendar la *Demanda* e incluir a la Sucesión Figueroa Casiano.[10]

Ese mismo día, el foro primario emitió y notificó una *Orden* en la que declaró Ha Lugar a la prórroga solicitada.[11]

Ante el incumplimiento de la parte apelante, el 19 de febrero de 2025, el TPI emitió una *Sentencia* en la que resolvió que la parte apelante incumplió en enmendar la *Demanda* dentro del término concedido por el TPI para incluir como parte indispensable a la Sucesión Figueroa Casiano.[12] A su vez, el TPI resolvió que, a base de las alegaciones contenidas en la *Demanda*, los herederos del señor Figueroa Casiano son parte indispensable en el pleito. Además, el foro primario decretó que ante la falta de una parte indispensable

---

[9] Véase la Anotación Judicial Núm. 25 del expediente digital del caso en SUMAC.
[10] Véase la Anotación Judicial Núm. 26 del expediente digital del caso en SUMAC.
[11] Véase la Anotación Judicial Núm. 27 del expediente digital del caso en SUMAC.
[12] Apéndice de la Apelación, Anejo 1, págs. 1-3.

corresponde la desestimación de la *Demanda* por carecer de jurisdicción para intervenir en los méritos del caso. En virtud de que la parte apelante no enmendó la *Demanda* oportunamente para incluir a la Sucesión Figueroa Casiano, procedía la desestimación del pleito sin perjuicio. A su entender, el término concedido para enmendar la *Demanda* venció el 18 de febrero de 2025.

Simultáneamente, la parte apelante presentó *Escrito solicitando reconsideración de Sentencia* en la que interpretó que, los herederos del señor Figueroa Casiano no son parte indispensable dado que en el testamento abierto otorgado por la señora Casiano Díaz no son identificados.[13] Incluso, aseveró que no consta en la ODIN una Declaratoria de Herederos o Testamento que esboce los nombres de la Sucesión Figueroa Casiano para la parte apelante poder incluirlos en la *Demanda.* Encima, ripostó que el apelado no proveyó los nombres de la Sucesión Figueroa Casiano en las mociones presentadas por este. Por ende, el TPI debía reconsiderar su determinación en desestimar la *Demanda* presentada por la parte apelante.

El 20 de febrero de 2025, el TPI emitió una *Resolución* en la que declaró No Ha Lugar al *Escrito solicitando reconsideración de Sentencia.*[14] Más aún, el TPI recalcó que los herederos del señor Figueroa Casiano son parte indispensable en el pleito y la parte apelante incumplió en incluirlos en el pleito de autos.

El 21 de febrero de 2025, la parte apelante radicó *Escrito solicitando segunda reconsideración de Sentencia* en la que expuso que las alegaciones contenidas en la *Demanda* no están relacionadas a los asuntos atendidos en las dos *Sentencias* emitidas por el TPI.[15] Ahora bien, la parte apelante razonó que la

---

[13] Íd., Anejo 3, págs. 13-14.
[14] Íd., Anejo 5, pág. 16.
[15] Íd., Anejo 6, págs. 17-21.

correspondía al Lcdo. Maldonado Maldonado solicitarle al TPI que incluyese en la *Demanda* a la Sucesión Figueroa Casiano por tener conocimiento de los nombres que componen la referida Sucesión. De igual modo, agregó que la ODIN emitió una Certificación de Asuntos No Contenciosos en la que no consta los nombres de los herederos del señor Figueroa Casiano. En definitiva, la parte apelante sostuvo su planteamiento en que la Sucesión Figueroa Casiano no son parte indispensable en esta ocasión.

El 23 de febrero de 2025, notificada el 24 de febrero de 2025, el foro primario emitió una *Resolución* en la que declaró No Ha Lugar al *Escrito Solicitando Segunda Reconsideración de Sentencia.*[16]

El 25 de febrero de 2025, la parte apelante nuevamente presentó *Escrito solicitando tercera reconsideración de Sentencia a tenor con la Regla 68.1 de las de Procedimiento Civil* en la que afirmó que la *Sentencia* fue emitida durante el transcurso de los cinco (5) días de la prórroga concedida por el TPI.[17] En suma, la parte fundamentó que conforme la Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1, de concederse un plazo que sea menor de siete (7) días, se excluyen los sábados, domingos o días festivos en su cómputo. Dicho lo anterior, la parte apelante replicó que el término que le asistía para enmendar la *Demanda* vencía el 21 de febrero de 2025 y no el 19 de febrero de 2025. Por lo cual, la parte apelante solicitó, por tercera ocasión, que el TPI reconsidere la *Sentencia* emitida el 19 de febrero de 2025.

El 25 de febrero de 2025, el foro primario emitió por tercera ocasión una *Resolución* en la que resolvió No Ha Lugar el *Escrito solicitando tercera reconsideración de Sentencia a tenor con la Regla 68.1 de las de Procedimiento Civil.*[18]

---

[16] Íd., Anejo 7, pág. 22.
[17] Íd., Anejo 8, págs. 23-26.
[18] Íd., Anejo 9, pág. 27.

Inconforme con el dictamen, la parte apelante acude ante esta Curia e imputó al TPI los siguientes señalamientos de error:

> Primer error: Erró el Tribunal de Primera Instancia al determinar que el término concedido mediante Orden notificada el 13 de febrero de 2025 para enmendar la Demanda e incluir a los herederos de Héctor José Figueroa Casiano venció el 18 de febrero de 2025.
>
> Segundo error: Erró el Tribunal de Primera Instancia al determinar que la parte indispensable que debió incluirse en el pleito eran los herederos de Héctor José Figueroa Casiano.

En síntesis, la parte apelante argumentó que la *Sentencia* del TPI es nula toda vez que fue emitida en contravención a lo establecido en la Regla 68.1 de Procedimiento Civil, *supra*, R. 68.1. Ante ello, la parte apelante adujo aún estaba dentro del término para enmendar la *Demanda* e incluir como parte indispensable a la Sucesión Figueroa Casiano. Por ende, erró el TPI en concluir que la parte apelante no enmendó la *Demanda* dentro del término concedido toda vez que aún no había culminado el término concedido por el foro primario para incluir a la Sucesión Figueroa Casiano en la *Demanda*. Además, la parte apelante argumentó que el mecanismo procesal de desestimación, por no incluir a una parte indispensable, era el último recurso que debió utilizar. Por otro lado, la parte apelante arguyó que el TPI erró en concluir que el señor Figueroa Casiano falleció ante la falta de prueba documental que lo confirmara. En esa línea, acreditó que mediante la Certificación de Asuntos No Contenciosos emitida por la ODIN, no surge que existiese una Declaratoria de Herederos interpuesta por la Sucesión Figueroa Casiano. De igual modo, a solicitud de la parte apelante, la ODIN emitió una Certificación Negativa de Testamento en la que surgía que el señor Figueroa Casiano no otorgó un testamento. Por lo que, la parte apelante aseguró que no hay constancia de que el señor Figueroa Casiano falleció y a su vez, hubo la apertura de la Sucesión Figueroa Casiano. Además, adujo que el foro primario concluyó erróneamente que solo la Sucesión Figueroa Casiano era parte indispensable en el pleito y no la totalidad de los herederos de

la causante Silvia Casiano Díaz. De otra parte, la parte apelante solicitó que se trasladara el pleito puesto que residía en el municipio de Arecibo y era oneroso acudir al TPI, Sala Superior de Bayamón. Además, solicitó el traslado por los atropellos recibidos por el TPI, Sala Superior de Bayamón.

El 21 de abril de 2025, el Lcdo. Grimaldi Maldonado Maldonado radicó *Alegato de: Grimaldi Maldonado Maldonado (demandado-apelado)* en el que arguyó que la parte apelante no tuvo la intención de enmendar la *Demanda* ante las expresiones que surgen de la *Solicitud de Reconsideración* presentada por la parte apelante. Por ende, no le asiste la razón en cuanto a su reclamo de que aún estaba en tiempo para enmendar la *Demanda* conforme la Regla 68.1 de Procedimiento Civil, *supra,* R. 68.1. Por otro lado, el apelado resaltó que el emitir una *Sentencia* sin incluir a una parte indispensable es nula. En esa línea, el apelado ripostó la omisión de la parte apelante en incluir a la Sucesión Figueroa Casiano constituyó una violación al debido proceso de ley. De igual modo, el Lcdo. Maldonado Maldonado aseveró que la parte apelante debió haber obtenido jurisdicción sobre la Sucesión Figueroa Casiano al ser partes con interés en el caso. Por ende, el apelado expuso que ameritaba desestimar la *Demanda,* sin perjuicio, tras no incluir como parte indispensable a los miembros de la Sucesión Figueroa Casiano. En cuanto a la solicitud de traslado, el apelado adujo que la parte apelante no presentó fundamentos legales y concretos que justifiquen trasladar el caso. Además, de que la solicitud de traslado se presenta por primera vez a nivel apelativo y nunca se presentó ante el TPI.

**III.**

**A.**

La Regla 68.1 de Procedimiento Civil, *supra*, R. 68.1 establece que, "el cómputo de cualquier término concedido por estas reglas, o

por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir". El término es el plazo concedido por ley para realizar determinado acto procesal. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta Edición, Lexis Nexis, pág. 230. Ahora bien, cuando el término concedido sea menor de siete (7) días los sábados, domingos o días feriados se excluirán del cómputo. Regla 68.1 de Procedimiento Civil, *supra*, R. 68.1. No obstante los medios días feriados se contarán en su totalidad. Íd. Los términos menores de siete (7) días se computan a partir del próximo día del evento o acto. **Adm. Vivienda Pública v. Vega Martínez**, 200 DPR 235, 243 (2018). Si el término contiene en el intermedio sábados, domingos o feriados, estos se excluyen. **Adm. Vivienda Pública v. Vega Martínez,** supra, pág. 234. Asimismo, si el último día cae sábado, domingo o feriado, este se excluye del término y se extiende al próximo día que no sea sábado, domingo o feriado. Íd.

**B.**

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, dispone que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
> (1) falta de jurisdicción sobre la materia;
> (2) falta de jurisdicción sobre la persona;
> (3) insuficiencia del emplazamiento;
> (4) insuficiencia del diligenciamiento del emplazamiento;
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio;
> **(6) dejar de acumular una parte indispensable**.

(Énfasis suplido)

Una parte indispensable es "aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada, estando esta persona ausente del litigio". **García Colón v. Sucn. González,** 178 DPR 527, 561 (2010),

citando a **Pérez Rosa v. Morales Rosado**, 172 DPR 216, 222 (2010). La falta de una parte indispensable incide sobre la jurisdicción del Tribunal y de reconocerse la falta de parte indispensable, debe desestimarse la acción. **Pérez Rosa v. Morales Rosado**, supra, pág. 222. Para determinar si una parte es indispensable o no debe evaluarse la totalidad de las circunstancias. **García Colón v. Sucn. González,** supra. pág. 549. Una sentencia dictada ante la ausencia de una parte indispensable es nula. **García Colón v. Sucn. González,** 178 DPR 527, 561 (2010); **Unisys v. Ramallo Brithers**, 128 DPR 842, 859 (1991). Ahora bien, el planteamiento de parte indispensable puede presentarse en cualquier momento, incluso a nivel apelativo, ya que en ausencia de parte indispensable el tribunal carece de jurisdicción. **Romero v. SLG Reyes**, 164 DPR 721, 733 (2005). La omisión de traer a una parte indispensable al pleito constituye una violación al debido proceso de ley. **Romero v. SLG Reyes**, supra, pág. 733. En el caso particular de que se quiera incluir en una demanda a una Sucesión, se debe especificar los nombres de los miembros que componen la Sucesión. **Cancel v. Martínez**, 74 DPR 108 (1952).

### C.

El Art. 605 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 2086,[19] establece que la sucesión testamentaria es la que resulta de la institución de un heredero o herederos contenida en testamento ejecutado conforme a ley. En caso de que no se hayan cumplido las formalidades respectivamente establecidas, el testamento será nulo. **Delis et als. v. Igartua et als.**, 158 DPR 403, 413 (2003). En el testamento deben constar dos tipos de formalidades a saber: formalidades de fondo y de forma. **Delis et**

---

[19] Conforme el Art. 1816 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11721, el testamento impugnado en el presente caso se rige por las disposiciones aplicables del derogado Código Civil de 1930, 31 LPRA ant. sec. 2 *et. seq.*

*als. v. Igartua et als*, supra. pág. 415-416, citando a ***Paz v. Fernández***, 76 DPR 742,752-753 (1954) Las formalidades de forma no tienen que surgir expresamente del testamento, aunque deben surgir del testamento. ***Deliz et als. v. Igartua et als.***, supra. pág. 416. En cuanto a las formalidades de forma, es suficiente con la dación de fe. Íd. Por otro lado, las formalidades de fondo son aquellas que exige la ley exige que aparezcan expresamente consignadas en la escritura del testamento. ***Paz v. Fernández***, supra. pág. 416. Todas las solemnidades requeridas se observarán en un solo acto, sin que sea lícita ninguna interrupción, salvo motivada por algún accidente pasajero. Art. 649 del Código Civil de Puerto Rico de 1930, *supra*, sec. 2186. ***In re Irlanda Pérez***, 162 DPR 358 (2004). La unidad de acto es una solemnidad de los testamentos abiertos y de no constar la dación de fe sobre ello acarrea la nulidad testamentaria. ***In re Irlanda Pérez***, supra. pág. 358.

En otro extremo y en atención a la controversia, en caso de que un heredero premuera, sea desheredado o indigno, surge el derecho de representación. El derecho de representación es el que tienen los parientes legítimos o naturales legalmente reconocidos de una persona para sucederle en todos los derechos que tendría si hubiese podido heredar. Art. 887 del Código Civil de 1930, *supra* sec. 2621. El pariente llamado a heredar se convierte en sucesor directo del causante, tal como señalan los tratadistas "no es cierto que se trate del derecho a suceder a la persona representada, pues como dice Bonet, a quien sucede es a su causante, o sea la persona a quien sucedería el representado si viviera o pudiera heredar". *Véase* M.A. del Arco Torres y M. Pons González, *Diccionario de Derecho Civil*, Tomo Primero, pág. 477 (1984). El derecho de representación puede surgir en la sucesión testamentaria conforme a la interpretación del testamento del testador. ***Calimano v. Calimano***, 103 DPR 123, 126 (1974). El Tratadista Vélez Torres

explica que "a pesar de la regla de derecho que se deduce de la sentencia que recayó en el caso de [***Calimano Díaz v. Calimano***, supra.] el derecho de representación se da en la sucesión testada cuando están involucrados derechos legitimarios de hijos y descendientes de un premuerto, un indigno o un desheredado. Precisamente, porque el derecho de representación les habilita para concurrir a la herencia de su ascendiente conjuntamente con descendientes de grado más próximo al causante para recoger la herencia de éste, en la medida en que el premuerto, el indigno o el desheredado hubiese recibido de otro modo." R. Vélez Torres, *Curso de Derecho Civil*, San Juan, Rev. Jur. U.I.A., 1992, Vol. III, T. IV, págs. 412-413.

**D.**

La Regla 3.6 de Procedimiento Civil, *supra*, R. 3.6 establece lo siguiente:

> (a) Presentado un pleito en una sala que no sea la apropiada, si la parte demandada desea impugnar la falta de competencia de dicha sala, deberá presentar una moción, dentro de un término no mayor de treinta (30) días a partir de la fecha de la notificación de la demanda y el emplazamiento, para que el pleito sea trasladado a la sala correspondiente. La moción deberá establecer en detalle los hechos que fundamentan la solicitud de traslado, a menos que de la faz de la demanda o de los autos del caso surjan los hechos en que se funda la referida moción. De no presentarse escrito alguno en oposición a la moción de traslado dentro de los diez (10) días de haberse notificado la referida moción, el caso se trasladará a la sala correspondiente. La presentación de cualquier moción o de una alegación responsiva dentro del referido término de treinta (30) días no se considerará como una renuncia al derecho a solicitar el traslado.
> (b) Cuando la conveniencia de las personas testigos o los fines de la justicia así lo requieran, el tribunal podrá ordenar el traslado de un pleito de la sala en que se está ventilando a otra sala.

**IV.**

En el caso de marras, el 13 de febrero de 2025, el foro primario le concedió a la parte apelante el término de prórroga de cinco (5) días solicitados por esta para enmendar la *Demanda*. Empero, el 19 de febrero de 2025, el TPI emitió una *Sentencia* desestimando la *Demanda*. En particular, la desestimación se produjo por la parte

apelante no enmendar la *Demanda* para incluir a la Sucesión Figueroa Casiano por ser una parte indispensable en el pleito de impugnación testamentaria en el término concedido en la prórroga. Por ende, la parte apelante alegó que el TPI erró al desestimar el caso el 19 de febrero de 2025, debido a que incluyó en el cómputo del término concedido, el sábado, domingo y un día feriado, los cuales debieron ser excluidos de dicho término por ser uno menor de siete (7) días conforme la Regla 68.1 de Procedimiento Civil, *supra*, R. 68.1. Además, la parte apelante insistió en que la Sucesión Figueroa Casiano no era parte indispensable en el pleito ya que no hay información que acredite quienes componen la aludida Sucesión.[20]

Por otro lado, el Lcdo. Maldonado Maldonado adujo que la sanción de desestimación era pertinente ante la omisión y descuido de la parte apelante en no incluir a la Sucesión Figueroa Casiano en la *Demanda*. Asimismo, sostuvo que, la parte apelante tenía conocimiento de la existencia de la Sucesión Figueroa Casiano ante los múltiples pleitos instados por la parte apelante impugnando el testamento. A su vez, argumentó que a la Sucesión Figueroa Casiano le corresponde heredar la porción testada en favor del señor Figueroa Casiano por ser herederos forzosos.

Por estar relacionados los señalamientos de error los discutiremos en conjunto.

Conforme a las normas jurídicas previamente contempladas, cuando se le conceda a una parte un término menor de siete (7) días, se excluye del cómputo los sábados, domingos y feriados completos. De un examen sosegado del expediente, computamos el término concedido por el TPI y examinamos que, a partir del **13 de febrero de 2025** hasta el **19 de febrero de 2025**, transcurrió durante un

---

[20] Inquieta nuestro ánimo judicial el que se presenta esta alegación en este pleito, cuando en un pleito previo en el que se pretendió anular el mismo testamento, dicha parte identificó a la mencionada Sucesión. Véase el caso ***Inocencia Casiano et als v. Juan Evangelista Casiano Díaz et als***. BY2023CV05157.

sábado, domingo y el día de los veteranos, siendo este último un feriado completo y el término, concedido en la prórroga, no había decursado. Consecuentemente, resolvemos que el TPI incumplió con lo establecido en la Regla 68.1 de Procedimiento Civil, *supra*, al no excluir del término que concedió los siguientes días: sábado, domingo y el día feriado. Ante ello, el TPI debió haber esperado que el término transcurriera para que la parte apelante pudiera incluir la parte indispensable y se enmendara la *Demanda*. Adviértase que, la parte apelante debió haber incluido en la *Demanda* sobre la impugnación del testamento, autorizado por el Lcdo. Maldonado Maldonado, a la Sucesión Figueroa Casiano puesto que son los herederos forzosos del señor Figueroa Casiano, así como a toda otra parte indispensable que tenga algún interés en la herencia. A su vez, a la Sucesión Figueroa Casiano le asiste el derecho de representación ya que el señor Figueroa Casiano premurió al momento de la impugnación del testamento.

Por último, la parte apelante solicitó que trasladáramos el pleito a otra sala con competencia tras ser oneroso comparecer ante el foro primario que tuvo el caso ante su consideración. Dicha petición presentada por primera vez en apelación deberá ser presentada ante el TPI.

Incidió el foro apelado en el primer señalamiento de error, sobre el cómputo del término concedido en la prórroga.

Por los fundamentos pormenorizados, procede revocar la *Sentencia* apelada a los efectos de que el TPI erró en incumplir con los establecido en la Regla 68.1 de Procedimiento Civil, *supra*.

## V.

Por los fundamentos que anteceden, revocamos la *Sentencia* apelada y devolvemos el caso al TPI para que continúen los procedimientos conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones